(56 South. 883.)

No. 18,602.

MORTON v. XETER REALTY, Limited.

(Dec. 11, 1911.)

*(Syllabus by Editorial Staff.)*

1. TAXATION (§ 622*)—TAX SALES—VALIDITY.
    A tax sale based on taxes in part unlevied or not due is invalid.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1277; Dec. Dig. § 622.*]

2. T A X A T I O N (§ 689*)—TAX SALES—VALIDITY.
    That an owner has paid an unlevied school tax for several years does not estop him or his successor to sue to annul a sale based on subsequent delinquency.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1380–1386; Dec. Dig. § 689.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Charles G. Morton against the Xeter Realty, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

Thos. E. Furlow, for appellant. Cline, Cline & Bell and Pujo, Moss & Miller, for appellee.

PROVOSTY, J. [1] This is a suit to annul a tax sale. Of the numerous grounds of nullity, only one need be considered. It is that the taxes in satisfaction of which the sale was made were in part not due.

"If any portion of the tax, or aggregate of taxes, for which land is sold, is unauthorized or illegal, the sale, in the absence of a statutory provision, is entirely void." 37 Cyc. 1288; Rougelot v. Quick, 34 La. Ann. 123; Booksh v. Wilbert's Sons, 115 La. 358, 39 South. 9.

Included in the aggregate of the taxes for which the sale in question was made was a special tax in the so-called school district No. 11, which was never levied.

"It is essential to the validity of a tax sale of land that the tax for which it is sold shall be a lawful and enforceable demand; that it shall have been duly levied according to law and by the properly constituted authority." 37 Cyc. 122.

[2] The person who was owner at the time of the tax sale had paid this same unlevied school tax for several years preceding the year for the taxes of which the sale was made, and upon this the plaintiff seeks to base a plea of estoppel. We are referred to no authority for the proposition that a taxpayer, who inadvertently or otherwise pays a tax exaction which he does not owe, thereby precludes himself from thereafter declining to pay the same unauthorized exaction, or to contest a sale of his property made in satisfaction of it; and we know of no authority so holding, and the proposition does not recommend itself to our judgment.

In this court, prescription of six months, curing irregularities in elections held for voting taxes, is pleaded; but there is not in this case any attack upon the validity of any election.

Judgment affirmed.