**No. 2041**

**Second Circuit**

---

**STOCKBRIDGE v. MARTIN**

---

(June 2, 1926, Opinion and Decree)
(June 30, 1926, Rehearing Refused)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Taxation—Par. 124, 330.**

A village which has no municipal assessment of the property to be sold at tax sale has no right to sell the property for taxes as there were no municipal taxes due and the sale thus made is null.

2. **Louisiana Digest—Taxation—Par. 377.**

Where there has been no legal tax sale of property under the constitution of Louisiana the prescription of three years against attacks on such sales has no application.

3. **Louisiana Digest—Taxation—Par. 314, 315, 322.**

The redemption of forfeited property sold at tax sale inures to the benefit of the owner or other person interested personally as heir, legatee, creditor or otherwise, but does not benefit the purchaser of a null and void tax sale.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

Action by M. C. Stockbridge against John W. Martin. There was judgment for defendant and plaintiff appealed.

Judgment reversed and tax sale declared null.

Barksdale, Clark and Van Hook, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, Scheen and Blanchard, of Shreveport, attorneys for defendant, appellant.

ODOM, J. On November 12, 1907, John D. Wilkinson, S. L. Herold and John McW. Ford, as trustees, sold to Justin P. O'Neal lot 5 of block 7 of the Fairfield Heights subdivision in the parish of Caddo, state of Louisiana, as per map recorded in conveyance book 50 page 47 of the records of Caddo parish.

On May 27, 1909, one year, six months and fifteen days later, the same parties, as trustees for the same individuals, sold the identical property to M. C. Stockbridge, the plaintiff herein.

Both deeds are notarial and regular in form, and both were recorded in the conveyance records of Caddo parish, the one to O'Neal on November 12, 1907, and the one to Stockbridge, the plaintiff herein, on May 27, 1909.

Subsequent to the date on which Stockbridge acquired the property, the village of South Highlands was incorporated under Act No. 136 of 1898 and the property in question was included in that village.

According to the rolls filed in evidence, this property was assessed on the assessment rolls of the parish of Caddo to M. C. Stockbridge for the years 1918, 1919, 1920 and 1921 and he paid the taxes thereon.

If the property was ever assessed to him on the assessment rolls for the village of South Highlands for the taxes of that village the record fails to show it.

Nor is it shown that the same property was ever assessed on the parish rolls to Justin P. O'Neal, but in the year 1918 the village of South Highlands assessed the said property on its rolls for that year in the name of Justin P. O'Neal who, as stated, purchased it on November 12, 1907, and held it under recorded title.

O'Neal having failed to pay the village taxes assessed to him on the rolls of that year, the said property was advertised for sale for the delinquent taxes assessed to him for the year 1918, and there being no bidder for the same the property was adjudicated to the village of South Highlands by W. T. Simpson, treasurer and tax collector, on August 9, 1919, and the proces verbal of the adjudication was duly recorded in the conveyance records of Caddo parish on October 6, 1919.

The proces verbal recites that the property was duly advertised in a newspaper published in Caddo parish and was sold at the front door of the municipal building in the village of South Highlands.

On July 30, 1920, W. T. Simpson, treasurer and tax collector for the village of South Highlands, sold the said property to John W. Martin, the defendant herein, for the taxes of 1919.

The tax deed was recorded in conveyance book 123 at page 705 of the records of Caddo parish on September 18, 1920.

On the day the property was adjudicated to Martin there was issued to him a certificate of redemption by W. T. Simpson, tax collector and treasurer of the village of South Highlands, reciting that whereas the said property was adjudicated to the village on August 9, 1919, for the due and unpaid taxes of Justin O'Neal for the year 1918 amounting to $10.10, and whereas Martin had paid the amount of said village taxes, therefore—

"I, W. T. Simpson, tax collector and treasurer of the village of South Highlands, Louisiana, do certify that the aforesaid lot 5 of block 7 of the Fairfield Heights subdivision in the village of South Highlands, Louisiana, has been redeemed by the said John W. Martin.",

This certificate of redemption was recorded in conveyance book 154 at page 489 of the records of Caddo parish on September 18, 1920.

On March 8, 1922, Martin brought suit under Act 101 of 1898 to have his tax deed dated July 30, 1920, recorded in conveyance book 123 at page 705 confirmed and his tax title quieted.

This suit was brought against Justin O'Neal, the former owner, who, being an absentee, was represented in the proceeding by a curator ad hoc.

On December 9, 1922, judgment was rendered confirming Martin's tax title and he was ordered placed in possession of the property, all as the act provides.

Subsequently Martin sold the property to Mrs. Wilkinson, who was made a party to the suit.

Plaintiff brought this suit to annul the said tax sale and asked to have it cancelled from the records, setting up various irregularities and especially alleging that the tax deed was made in violation of law as shown by said tax deed itself.

Defendant sets up in answer that said tax deed was regular and conveyed a valid title to him, and he plead prescription in bar of plaintiff's right, and especially set up that plaintiff has no interest to question the validity of the said tax sale.

## OPINION

The defendant's title, if he has any, rests solely upon the pretended tax sale dated July 30, 1920, whereby W. T. Simpson, tax collector and treasurer of the village of South Highlands conveyed to him the property in dispute.

If that transfer be in fact a tax sale as contemplated by law, then other issues injected into the suit would have to be passed upon; but if as a matter of law that alleged and pretended sale is in fact and in law no sale at all, the other issues raised need not be discussed.

It is that deed which is attacked and which the plaintiff asks the court to cancel.

By reference to that deed, which is in evidence, we note that W. T. Simpson, tax collector for the village of South Highlands, did, on July 30, 1920—

"* * * sell, convey, and deliver unto John W. Martin the following described property assessed to Justin O'Neal upon the tableau of taxes for said parish of Caddo for the year 1919, to-wit: Lot five (5) of Block seven (7) of the Fairfields Heights subdivision in the village of South Highlands, Louisiana."

The deed recites that the property was advertised in the Shreveport Caucasian, a newspaper published in Caddo parish, for thirty full days, which advertisement gave notice that the sale would take place at the front door of the Civil District Courthouse in the parish of Caddo on the 24th day of July, 1920; and it further shows that the sale took place at said courthouse door.

In passing, it may be said that the courthouse at which the property was sold is not located within the corporate limits of the village of South Highlands.

The proces verbal of the sale is signed "William T. Simpson, treasurer and tax collector of the village of South Highlands, Louisiana".

Accepting, as we must, the recitals of the tax deed as true, we find that the property sold to John W. Martin, the defendant, by the tax collector of the village of South Highlands, was sold for taxes assessed to Justin O'Neal upon the tableau of taxes for the parish of Caddo for the year 1919.

This tax deed does not show, nor do we find in the record otherwise, that the said property was assessed by the officers of the village of South Highlands to O'Neal for the taxes due said village for the year 1919.

Manifestly the tax collector for the municipality of South Highlands had no right to sell property situated therein for any taxes except those due that municipality, and without a municipal assessment there were no municipal taxes due. There can be no sale of property for taxes not assessed.

In the case of Guillory vs. Elms, 126 La. 560, 52 South. 767, the court said:

"It is of the essence of such a sale that there should have been an assessement."

And in that case it was specifically held that—

"Where there has been no sale Article 233 of the Constitution establishing the prescription of three years against attacks on sales has no application."

Shelly vs. Friedrichs, 117 La. 679, 42 South. 218.

The tax collector of the village of South Highlands had no warrant for making the sale to Martin and the deed, therefore, which he made to him was and is an absolute nullity.

Morton vs. Xeter Realty, Ltd., 129 La. 775, 56 South. 883.

37 Cyc. 122.

As already stated, this property was forfeited to the municipality for the taxes due by O'Neal for the year 1918 and on the day that Martin's deed was recorded he redeemed it from the municipality; but that redemption conferred no title upon him as he was not the owner thereof and had no interest in the property.

The redemption of forfeited property inures to the benefit of the owner or other person interested personally as heir, legatee, creditor or otherwise.

Section 62 of Act 170 of 1898.

Neal vs. Pire, 142 La. 737, 77 South. 582.

The sale is attacked on the further ground that the property was forfeited to the village of South Highlands on August 19, 1919, for taxes due thereon by O'Neal for the year 1918 and that the sale to Martin was made on July 30, 1920, less than one year after the forfeiture and before the redemptive period had expired.

Section 61 of Act 170 of 1898 as amended by Act 315 of 1910 provides that if property is adjudicated to the state the same shall be continued to be assessed in the name of the person to whom it belonged at the date of the sale until the lapse of one year but the tax collector shall not sell the same under the assessment and no taxes shall be collected thereon while the property remains in a condition of forfeiture.

And Act 228 of 1910 provides that during the period fixed by Article 233 of the Constitution for the redemption of property bid in for and adjudicated to the state for unpaid taxes there shall be no sale of the property.

Section 2 of the latter act provides the method to be pursued in order for the

state to sell property adjudicated to it for the non-payment of taxes. (The same rules apply to municipalities; see Section 35 of Act 236 of 1898 under which the village of South Highlands was incorporated.)

Those formalities were not complied with; but, on the contrary, the tax collector for said village proceeded to sell the property as though it had never been forfeited and sold it for taxes alleged to have been assessed to O'Neal for the year 1919 when, as a matter of fact, the property had not been assessed to him for that year at all.

The tax collector of the village of South Highlands therefore proceeded without any warrant whatever for making the sale as there was no assessment to O'Neal, and, more than that, he proceeded in contravention of a prohibitory law.

There was, therefore, no sale to Martin. There being no sale of the property, it follows that the provision of the Constitution, Article 233, to the effect that "no sale of property for taxes shall be set aside for any cause except on proof of dual assessment or previous payment of taxes unless the proceeding to annul is instituted within six months, etc.," do not apply.

As heretofore stated, the tax deed to Martin recites that the property was sold for the taxes of O'Neal assessed on the tax roll for the parish of Caddo, for the year 1919.

If it be contended that the tax deed made by said tax collector, even though the sale was made for taxes which he had no authority and no jurisdiction to collect, could not be set aside after six months after notice, etc., under the Constitution, even then the tax deed is a nullity for the reason that the record shows that the property was assessed to Stockbridge, the plaintiff, on the parish and state rolls for the year 1919 and that he paid the taxes on February 19, 1920, several months prior to the sale.

It is next contended by defendant's counsel that Stockbridge has no standing in court to attack and have cancelled the tax deed to Martin because the record shows that he has no title to the property.

It is true that Stockbridge purchased the property subsequent to the date on which it was sold to O'Neal; but we think that the fact that he purchased the property and paid a cash consideration therefor recorded his deed in the conveyance records and paid the taxes assessed to him on the parish and state rolls and paid the taxes thereon for a number of years gives him a real interest in the property sufficient to warrant his suit to have his title, such as he may have, freed from the cloud cast thereon by the recordation of an illegal tax deed.

He does not ask to be decreed the owner of the property but only to have said tax deed cancelled.

With reference to the proceedings which the defendant Martin instituted under Act 101 of 1898 to have his tax title confirmed, it may be said that inasmuch as there was no sale of the property and Martin acquired no title under his purported tax deed, such proceedings can have no effect whatsoever upon Stockbridge or any other person who may claim an interest in the property.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and that the tax sale made by the tax collector of the village of South Highlands to John W. Martin on July 30, 1920, purporting to convey to him lot 5

of block 7 of the Fairfields Heights subdivision in the village of South Highlands, Louisiana, be annulled and the deed evidencing the same cancelled and erased from the records of the parish of Caddo, Louisiana. Defendant to pay all costs.

WEBB, J. Dissents.