CLINE v. McKEE.

No. 28817. Jan. 16, 1940.

*98 P. 2d 25.*

Sam A. Neely and Roy F. Ford, (Leslie W. Lisle, of counsel), all of Tulsa, for plaintiff in error.

Samuel A. Boorstin and Samuel H. Minsky, both of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by the plaintiff in error, hereafter referred to as plaintiff, against the defendant in error, hereafter referred to as defendant, and others not here involved, to obtain an accounting, the cancellation of a lease, an injunction, and the appointment of a receiver.

As grounds for the relief sought, the plaintiff alleged, in substance, that he had entered into a written contract with the defendant whereby the defendant was to operate certain premises known as the "English Village" for a period of twelve months and to pay to the plaintiff a certain percentage of the gross receipts from the dance pavilion; that the defendant had collected large sums from the operation of said business but

had refused to account to the plaintiff and to pay to him the share of such proceeds to which he was entitled, and prayed that the defendant be required to make such an accounting. The defendant denied he had refused any demand upon him for an accounting, admitted that he had entered into the lease agreement as pleaded by the plaintiff but averred that the same did not constitute the entire agreement between the parties; that there were oral agreements thereafter, whereunder the defendant had made certain enlargements and had expended various sums and for which plaintiff should be debited. Defendant admitted that he had received the sum of $17,309.50 from the operation of the dance pavilion and that plaintiff was entitled to be credited with 10 per cent. of said amount, or the sum of $1,730.95, and debited with items aggregating the sum of $2,449.19, leaving a balance on account in favor of the defendant in the sum of $718.24. The plaintiff by reply controverted the amounts which defendant sought to debit the account. Over the objections and exceptions of the defendant, and upon the insistence of the plaintiff, the cause was submitted to a jury. The evidence was in material conflict only with respect to the question of whether the parties had ever agreed upon any changes as provided in the lease and the amount thereof. The lease involved contained a provision whereby the plaintiff agreed to remove certain buildings and to furnish certain materials and to pay one-half of the labor cost in enlarging the dance pavilion, under the condition that the amount of enlarging should be mutually agreed upon by both parties. The evidence of the plaintiff was to the effect that he had never agreed to any enlargements or any expenditures, whereas that of the defendant was to the effect that on at least two occasions he and the plaintiff had agreed to certain enlargements and improvements and that the same had been made and paid for by check of the defendant and his associate in the operation of the business. The jury by its verdict found that the parties had agreed to make the enlargements and that the amount of expenditures incurred and with which, the plaintiff was properly chargeable was exactly equal to the amount which was due him from the defendant, and hence that the accounts exactly balanced. The court adopted the finding of the jury and made it his own and rendered judgment for the defendant. Motion of plaintiff for judgment non obstante veredicto as well as motion for new trial were overruled and denied and he has perfected this appeal. As grounds for reversal of said judgment the plaintiff submits the following propositions:

"Proposition I. In a suit where there is a sole plaintiff and a sole defendant, said defendant cannot counterclaim as against the plaintiff an account claimed owing to said defendant and another, not a party to the suit, as co-partners.

"Proposition II. In an answer by a sole defendant setting up a counterclaim in his favor as against a sole plaintiff, evidence of a claim owing from said plaintiff to said defendant and another is not admissible, since the same constitutes a variance between the pleading and the proof.

"Proposition III. A counterclaim against a sole plaintiff and in favor of a defendant, must be due and owing to said defendant at the commencement of the action, and an assignment thereof during the trial cannot render it available to the defendant as a counterclaim.

"Proposition IV. Where a lease of land provides that lessor will pay a portion of the costs of such improvements as may be agreed upon between him and the lessee, and where lessee makes certain improvements, which fact is known to lessor, the failure of lessor to protest, does not as a matter of law constitute an agreement and consent to such improvements by lessor at his expense.

"Proposition V. Where there is no evidence in the record on which the verdict of a jury could have been based, and it cannot be sustained on any reasonable hypothesis, but appears to have been a compromise and merely speculative, a judgment rendered thereon should be reversed."

The contentions so made and the

authorities cited in support thereof are related to and deal with situations where legal, as distinguished from equitable, principles were involved and wherein substantially a different state of facts was presented than those in the case at bar, and for this reason we find it unnecessary to discuss each of the contentions separately or to analyze the cases cited in support thereof.

The primary purpose of plaintiff's action was to obtain an accounting, and while he invoked other equitable remedies, all of his proof was directed to obtaining the accounting, and the evidence of defendant was directed to the same end. An action for an accounting is one brought to adjust mutual accounts and to strike a balance. Such action has long been recognized as one peculiarly within the province of courts of equity and which is governed and controlled by the principles obtaining in such jurisdiction. As stated in 1 R. C. L. page 225:

"It is the general rule in equity that affirmative relief will not be granted to a defendant unless he makes claim to it by a cross-bill or counterclaim. It is equally well settled that a suit in equity for an account between the parties is an exception to this general rule; that a bill, in such a suit, imports an offer on the part of the complainant to pay any balance that may be found against him; that upon such an accounting both parties are actors, and that either is entitled, according to the result, to the aid of the court to recover the balance that may be found in his favor; and that it is not necessary for the respondent to file any cross-bill, or to set up matter in his answer in lieu of such cross-bill. But the rule that the defendant in a suit for an accounting may obtain affirmative relief without filing a cross-bill or counterclaim therefor does not apply where the relief granted is not within the scope of the complainant's bill."

It was immaterial, therefore, whether the defendant asserted any counterclaim or not. The plaintiff by his action admitted that there was an account which involved credits and debits and the problem was to determine the amount and in whose favor the balance lay. In so doing the fact that the defendant may have used funds in which he and another were interested in payment for the material and labor was of no concern to the plaintiff The question was whether or not the plaintiff should be debited with any of the items which went into the enlargement of the leased premises and, if so, which and in what amounts. Furthermore, the fact that the determination of this was left to the jury did not change the nature of the action or alter the situation in any manner. As said in Mid-Continent Life Ins. Co. v. Sharrock, 162 Okla. 127, 20 P. 2d 154:

"In a case of equitable cognizance, while the judge may call a jury or consent to one, for the purpose of advising him upon the questions of fact, he may adopt or reject its conclusions, as he sees fit, and the whole matter must eventually be left to him to determine, and instructions to the jury furnish no grounds of error upon appeal. It is not only the right, but the duty, of the court, to determine all questions of fact as well as of law.

"In a case of equitable cognizance, the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear that such findings and judgment are against the clear weight of the evidence."

For the reasons above stated, the objection as to certain instructions given the jury are without merit. Evans v. Local Bldg. & Loan Ass'n, 169 Okla. 274, 36 P. 2d 895. After a careful review of the entire record, we are unable to say that the judgment of the trial court is contrary to the clear weight of the evidence, and under such circumstances this court will not disturb the judgment.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, and DAVISON, JJ., concur.