BATES et al. v. STARR COAL CO.

No. 30575. July 13, 1942.

Rehearing Denied Sept. 15, 1942.

Application for leave to File Second Petition for Rehearing Denied Nov. 17, 1942.

*130 P. 2d 532.*

W. C. Alley and M. A. Dennis, both of Okmulgee, for plaintiffs in error.

Carland Smith, of Okmulgee, for defendant in error.

PER CURIAM. This action was instituted by the plaintiffs in error, hereinafter referred to as plaintiffs, against the defendant in error, hereinafter referred to as defendant, to obtain an accounting and to recover minimum royalties or dead rentals in accordance with the terms of a coal mining lease. The primary issue here involved is whether the lease had an existence subsequent to the year 1931. On July 10, 1915, plaintiffs executed a coal mining lease in favor of Atlas Coal Company as lessee on 80 acres of land in Okmulgee county. The lease was for a primary term of five years and as long thereafter as coal should be produced in paying quantities from the mine of lessee. In addition to a stipulated royalty of eight cents per ton for all coal mined from the leased premises, there was a provision for a minimum royalty or dead rental of $350 per year. The lease also gave the lessee the right to use such parts of the land as should be necessary for hauling coal from adjoining lands through the leased premises. It was provided that the lease could be terminated and surrendered at any time after a bona fide effort to produce coal in paying quantities had proved unsuccessful and payment of existing obligations met. In 1928 said lease was assigned, insofar as it covered the north 40 acres thereof, to the defendant. Defendant paid the minimum royalties or dead rentals on the 40 acres for the years 1929, 1930, and 1931. During the year 1931, defendant made bona fide efforts to produce coal from the leased premises but without success, and verbally notified plaintiffs to this effect. Defendant, however, neglected to execute a formal release and continued to use a tunnel which had been drilled under the land of the plaintiffs and which was being used for hauling coal from adjoining lands. In 1933 plaintiffs served written notice on the defendant advising that the lease had terminated and demanding that defendant cease the use of the tunnel through the lands. Nothing further was done until this action was instituted on July 6, 1940. The issue drawn by the pleadings was whether the lease had terminated in 1931. The evidence adduced at the trial was substantially as above narrated, except that the court, over the objections of plaintiffs, permitted evidence of the customary rental value of tunnels, such as defendant was using, to be introduced. The court found that the lease had terminated at the end of the year 1931, and had thereafter had no existence, and that the reasonable rental value for the use of the tunnel was $20 per annum, and rendered judgment in favor of the plaintiffs for said amount for the years 1932 to 1941, inclusive. Plaintiffs and defendant both filed motions for new trial which were overruled. The plaintiffs alone appeal.

As grounds for reversal of the judgment the plaintiffs urge three propositions which are as follows:

"(1) The lessee in a coal mining lease is liable for the advance minimum royalty or rental provided for therein as long as he retains possession of the lease premises for any purpose under the terms of the lease.

"(2) The admission of evidence on the question of custom and usage was improper and erroneous.

"(3) The court's judgment cannot be sustained upon any hypothesis under the pleadings in evidence."

The primary issue made by the plead-

ings was whether the lease had terminated in the year 1931; if it had, then neither party could claim any rights thereunder; if it had not, then plaintiffs were entitled to recover the minimum royalty or dead rentals therein provided. Pittsburg & Midway Coal Mining Company v. Pharoah, 177 Okla. 392, 60 P. 2d 742; Gambill's Adm'r v. Ellser Coal Co., 230 Ky. 553, 20 S. W. 286; Rocky Mountain Fuel Co. v. Albion Realty & Security Co., 70 F. 2d 212.

The trial court found that the lease had been terminated in 1931, and this finding is supported by competent evidence shown in the record consisting of the verbal notice given by the defendant to plaintiffs and the subsequent recognition by plaintiffs when they served the written notice upon the defendant calling its attention to the fact that the lease was no longer in existence and that it was a trespasser upon the premises and would be so treated.

The action, being one for an accounting, was one of purely equitable cognizance (Cline v. McKee, 186 Okla. 366, 98 P. 2d 25); and the contention of plaintiffs that the action is to be considered as a purely legal one cannot be entertained. The plaintiffs predicate their right to recovery upon the theory that the lease was an existing and valid one at all times subsequent to 1931. The trial court found against them upon this issue. However, since jurisdiction of a court of equity extends to the granting of complete relief, the court was justified in requiring the defendant to do equity in the premises; and while at and by the strict rules of law plaintiffs may not have been entitled to have offered proof of custom and to have recovered for the reasonable rental value of the tunnel across the lands, this, if an error, was one against the defendant and in favor of the plaintiffs, and therefore one which, in the absence of a cross-appeal, this court will not consider.

We have examined the entire record and weighed the evidence and find the judgment to be supported by the clear weight of the evidence upon the primary issue involved. The subsidiary matters are in favor of plaintiffs and are not considered.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.