MILLER v. ROBBERSON et al.

No. 33956.   Feb. 6, 1951.

*227 P. 2d 654.*

Hays & Powers, Oklahoma City, for plaintiff in error.

Gilliland, Withington & Shirk, Oklahoma City, for defendant in error.

LUTTRELL, V.C.J. In 1933 the city of Oklahoma City by ordinance vacated an alley running east and west through block 1 of West Fifth street addition, and also an alley running north and south through a portion of the same block. Thereupon the county assessor put the two alleys so vacated together as one taxable parcel or unit of taxable property, and the county levied and attempted to collect ad valorem taxes on said vacated alleys. In 1941 the alleys were sold at tax resale, and in 1944 they were again sold at tax resale, both sales being for delinquent taxes so levied upon them as one taxable parcel or unit. Plaintiff, Buel Miller, acquired the title of the tax deed owners and thereafter brought this action against the defendant R. W. Robberson and others to quiet his title to the two vacated alleys. The county treasurer, the board of county commissioners of Oklahoma county, and the county assessor of Oklahoma county were all made parties to the action.

The defendant Robberson filed his answer and cross-petition, alleging that he was the owner of four lots in block 1 of said addition, which abutted upon the alley running east and west through said block, and that upon its vacation the north one-half of said alley immediately south of his lots accreted to and became a part of his lots; that the same was not taxable as a separate unit, and that the resale deeds issued and thereafter acquired by plaintiff were therefore null and void. He also alleged that the tax deeds were sold for taxes which were not then due in that the last quarter of the taxes were not due and payable at the time the property was advertised for sale. Defendant tendered the amount necessary to redeem the property from the resales, as provided by law, and prayed that his title be quieted as against the plaintiff, and that the county assessor, county treasurer, and board of county commissioners be enjoined from levying, or attempting to levy taxes on said property as a separate unit.

Plaintiff by way of reply pleaded that defendant was estopped to deny the validity of his tax deeds for the reason that after the same had been issued defendant had purchased an outstanding tax sale certificate issued to Oklahoma county. Plaintiff alleged that thereby defendant was estopped to deny that the property was legally liable to taxation and estopped from claiming any interest in the property.

When the case came on for trial plaintiff dismissed his petition and the case proceeded to trial on defendant's cross-petition and plaintiff's reply thereto. Judgment was for defendant as prayed in his cross-petition, and plaintiff appeals.

Plaintiff does not here contend that that portion of the north half of the alley which adjoins defendant's lots did not, upon the vacation of the alley, accrete to defendant's lots, since this court, in Askins v. British-American Oil Producing Co., 201 Okla. 209, 203 P. 2d 877, so held. He contends, however, that even if the tax deeds were void because the property could not be separately taxed, yet defendant, by purchasing the tax sale certificate and receiving 44 cents interest when the certificate was redeemed by plaintiff, brought himself within the purview of 16 O.S. 1941 §11, which provides that any person accepting the benefits of any conveyance, mortgage, or contract relating to real estate shall be estopped to deny the validity of such conveyance, mortgage, or contract. We do not agree.

The sole authority cited by plaintiff in support of this contention is Campbell v. McGrath, 117 Okla. 126, 245 P. 634, in which case the owner accepted from the county treasurer the surplus of the purchase price paid as consideration for the tax deeds, which his grantee thereafter asserted were void. In the instant case defendant received nothing which accrued from the resale tax deeds held by plaintiff, and was not in any manner benefited thereby. The cited authority has no application to the situation in the instant case.

Plaintiff also contends that the defendant by purchasing the tax certificate issued to the county subsequent to the issuance of his tax deeds recognized the validity of the tax deeds and also recognized that the title to the property was in some other party, as he could not under the law purchase his own property at tax sale.

However, the evidence produced by defendant discloses that upon learning that the property had been sold at tax sale and that taxes were being levied thereon by the county assessor, he sent his attorney to those officials in a vain attempt to persuade them that the property was nontaxable as a separate unit, or to induce them to permit him to pay taxes upon that portion of the alley which accreted to his lots; that failing in this attempt, and being advised by the county treasurer that the vacated alleys would again be sold at the next tax resale, defendant, at the suggestion of the county treasurer, purchased the tax certificate held by the county in order to prevent the property from again being offered at tax resale. This evidence, which is undisputed, clearly discloses that the only purpose of the defendant in acquiring the tax certificate was to prevent the property from again being offered at tax resale, and such act on his part does not estop him from asserting the invalidity of the resale tax deeds held by plaintiff. No case is cited by plaintiff in support of his contention, and we have found none exactly in point. But in Elliott v. Clement, 175 Ore. 44, 149 P. 2d 985; Kerr v. Small, 112 Mont. 490, 117 P. 2d 271, and Young v. Droz, 38 Wash. 648, 80 P. 810, the Supreme Courts of those states held that the fact that the owner of the land, or his agent, appeared at the time said properties were offered for tax sale and bid upon them did not estop the owners from attacking the validity of such sales. And in Morton v. Xeter Realty, 129 La. 775, 56 So. 883, the court said:

"We are referred to no authority for the proposition that a taxpayer, who inadvertently or otherwise pays a tax exaction which he does not owe, thereby precludes himself from thereafter declining to pay the same unauthorized exaction, or to contest a sale of his property made in satisfaction of it; and we know of no authority so holding, and the proposition does not recommend itself to our judgment."

In the instant case the act of defendant in purchasing the tax certificate in no wise injured the plaintiff, since if the defendant had not purchased the certificate, plaintiff, in order to protect his asserted interest in the property from tax resale, would have been compelled to redeem from the county. To uphold his contention that, by such act defendant, the owner of the prop-

erty, is now estopped to assert the invalidity of his resale tax deeds, would permit him to use estoppel not to protect himself from injury, but as a vehicle or instrument to obtain a positive gain, by making valid his title under deeds which were void under the holding in Criswell v. Wilson, 198 Okla. 47, 175 P. 2d 87. This he will not be permitted to do. Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82.

Defendant contends that the trial court erred in requiring him to make his tender good by paying into the office of the court clerk for the use and benefit of the plaintiff the amount required to redeem the property from the taxes for which the resale tax deeds held by plaintiff were issued. Since defendant did not file any cross-appeal in this cause, we will not consider whether such action on the part of the trial court was error.

In Corn Belt Bank v. Baker, 190 Okla. 278, 122 P. 2d 989, we said:

"This court will not consider whether, in the trial of a cause, there was error in a ruling against defendant in error, not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error."

Affirmed.