In re LEE'S ESTATE.

ZEIGLER et al. v. DELONEY.

No. 35352.   April 1, 1952.

*243 P. 2d 1013.*

Conner, Hilpirt & Britton, Oklahoma City, for plaintiffs in error.

Bruce & Rowan, Oklahoma City, for defendant in error.

BINGAMAN, J. This appeal arises from the determination of the heirship of Mattie D. Lee, who died intestate, a resident of Oklahoma county. Lee V. Zeigler was appointed administrator and the administration of the estate had proceeded to the point of being ready for determination of heirship and distribution on the assumption that Walter Zeigler, a brother of the decedent, was the sole heir when the defendant in error, Willie Deloney, set up her claim to heirship before the county court. The claim of Willie Deloney was based upon an alleged adoption prior to Statehood, in Indian Territory, under the laws of Arkansas then in force in that territory. The final account of the administrator was settled in the county court and a decree approving the account, determining the heirship and directing distribution was entered. Under this decree Walter Zeigler was held to be the sole heir and the claim of the alleged adopted daughter, Willie Deloney, was denied. From that part of the judgment decreeing heirship and directing distribution of the property Willie Deloney appealed to the district court. On appeal the district court found that Willie Deloney was the legally adopted child of Mattie D. Lee and determined that she was the sole heir as such adopted daughter and directed distribution of said estate accordingly. Walter Zeigler, the brother of decedent, and Lee Zeigler, as administrator, each filed separate motions for new trial, which motions were duly overruled by the trial court. Notice of appeal was given by both parties. The administrator alone has perfected an appeal to this court.

The defendant in error moves to dismiss the appeal on the ground the administrator has no interest in the estate except in his capacity as administrator, and that he therefore is neither an interested nor an aggrieved party and neither he nor the estate as such will be affected by the appeal. The objection is well taken and the appeal must be dismissed.

It is conceded the administrator is not an heir to the estate. He has no interest except in his representative capacity. The estate is not interested as such and the sole and only question for determination is the correctness of the decree determining heirship and directing distribution.

The general rule of the right of an administrator to appeal as set out in 4 C. J. S., Appeal and Error, par. 193, subd. f., is as follows:

"An executor or administrator may not secure review of a judgment, order or decree merely determining the rights as between the parties entitled to the estate or distributing the estate or a part thereof among heirs, next of kin, devisees, or legatees, where the court had jurisdiction, unless there are exceptional circumstances taking the case out of the general rule, as where the representative is a party in interest, or acts as representative of all the parties, or takes his appeal in the interest of the estate as such."

To the same effect is 2 Am. Jur., Appeal and Error, §183:

"An executor or administrator, as such, is not, however, aggrieved or prejudiced by the decree or judgment as to the rights of the beneficiaries, and therefore, cannot appeal from a decree affecting their interests. In accordance with this rule, it is held that an administrator is not entitled to appeal from a decree of distribution."

This same rule is supported by assembled authorities from many states in the annotation appearing at 117 A. L. R. 99.

The same question was presented to the Supreme Court of Kansas in Re Benso's Estate, 165 Kan. 709, 199 P. 2d 523, where the Kansas court held:

"An administrator, as such, is not aggrieved, within the meaning of our statute, G. S. 1947, Supp. 59-2404, by a decree of the court determining who are the heirs of the estate to whom distribution of the assets of the estate should be made, and therefore is not entitled to appeal from such a decree."

In considering the probate statutes providing for an appeal without bond by an administrator, this court in Barnes v. Logsdon, 178 Okla. 645, 63 P. 2d 964, held:

"Whether the administrator is a 'person interested' within the meaning of our probate statutes governing appeals depends of course upon the facts of the particular case. Naturally, he would not be interested in the question of what particular shares are distributed to the various heirs, while he would be interested in any litigation the effect of which would possibly be to totally deprive all of the heirs at law of any interest whatsoever in the estate."

The precise question was considered by this court in Love v. Wilson, 181 Okla. 558, 75 P. 2d 876, wherein we held:

"Since an administrator in his representative capacity can never be a 'party aggrieved' or a 'party interested' in a decree which merely determines the heirs at law of the estate for which he is administrator, he cannot maintain in his representative capacity an appeal from such decree."

It is urged by the administrator, however, that he is interested in seeing that a false claim is not made against this estate and one established as an heir who was not in fact such an heir. The same contention was made in Re Maher's Estate, 195 Wash. 126, 79 P. 2d 984, 117 A. L. R. 91, before the Supreme Court of Washington, and that court held:

"While it is the duty of an administrator to guard against error in the distribution of an estate, by exercising the greatest possible care to see that the names of the persons entitled under the law to receive the estate, either as heirs at law or legatees, are brought to the attention of the court, and that their names and respective interests are fully and correctly stated in the decree of distribution, which is to be presented to the court for signature, when after a full hearing, the court signs a decree of distribution, the interest of one acting as administrator of an estate terminated, and he, as such administrator, is no longer interested in the proceeding, in so far as the distributees are concerned, and can appeal from the decree of distribution only in connection with his fees or allowances, some question concerning debts due from the estate, or some matter of which concerns his own liability as administrator.

"An administrator is an officer of the court. His custody of the property of an estate is the custody of the court. While it is his duty to assist the court before which the probate proceeding is pending, in ascertaining the persons who, in fact and in law, are justly entitled to receive the estate, when the court, after a proper hearing, has determined the matter and designated the persons who are entitled to receive the estate, as to that phase of the proceeding the interest of the administrator ceases."

It is also urged that because the administrator participated in the trial in the district court that he thereby acquired a right to appeal to this court. In Board of Review v. Codding, 199 Okla. 281, 185 P. 2d 702, we held one must be aggrieved by the judgment before he could appeal, and although a person might have been a proper party before a district court, he had no right to prosecute an appeal, in the absence of a showing that he was aggrieved thereby.

It is also urged that the matter may not be properly considered on a motion to dismiss. However, we held, in Re Gray's Estate, 131 Okla. 189, 268 P. 194, that where the plaintiff in error had no interest in the subject matter of the action, dismissal of the appeal was proper.

Finally, it is urged this court should permit Walter Zeigler, brother of the decedent, to be made a party plaintiff in error herein. It is asserted that under the provisions of 12 O. S. 1951 §954, no appeal shall be dismissed because of failure to make a party in the trial court party to the appeal, and, therefore, the brother should be added as a plaintiff in error. Although Walter Zeigler filed a motion for new trial and

gave notice of appeal to this court, he did not join in the petition in error herein. Neither did he file a cross-petition in error. The dismissal is not sought on the ground of failure to make all the parties in the trial court parties to the appeal. Since Walter Zeigler did not join in the petition in error he, obviously, is not a plaintiff in error. If it be assumed he is a defendant in error, the failure to file a cross-petition in error would preclude the review of any alleged error made against him. Bates v. Starr Coal Co., 191 Okla. 451, 130 P. 2d 532; Miller v. Robberson, 204 Okla. 114, 227 P. 2d 654. Walter Zeigler having failed to appeal from the judgment within the statutory time, it became final as to him.

Appeal dismissed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.