**In the Matter of the Protest of William Moody PATTON, Jr., and Jack C. Banfield, dba Osage Packing Company, a Co-Partnership.**

No. 39814.

Supreme Court of Oklahoma.

Feb. 5, 1963.

Milton W. Hardy, Tulsa, for plaintiff in error.

Milton R. Elliott and Burton Duncan, Oklahoma City, for defendant in error.

JACKSON, Justice.

In March, 1959, the Oklahoma Employment Security Commission made an assessment for unemployment compensation contributions for the years 1957 and 1958 against Osage Packing Company, under authority of 40 O.S.1961 § 211 et seq., the Oklahoma Employment Security Act.

Osage appealed the assessment to the Board of Assessment, an agency of the Commission provided by statute for the

purpose of hearing such appeals. In hearings before the Board, the issue was whether or not Osage had 4 or more employees within the meaning of the Act. Osage admitted to having 2 employees (an office secretary and a truck driver) but argued that under its particular method of operation, its salesmen, being independent contractors, should not be counted.

The evidence shows that Osage maintains its headquarters in Tulsa. From the manufacturers, it procures the shipment of food freezers and refrigerators to a public warehouse in Tulsa. When one of the Osage salesmen submits a contract for the sale of a freezer or refrigerator, Osage investigates the financial standing of the proposed buyer, and if it is good, approves the conditional sale contract and directs the public warehouse to deliver the merchandise to the purchaser. It discounts the conditional sale contract to a finance company, pays the salesman a 15% commission, and pays the manufacturer for the merchandise. Osage guarantees payment of the conditional sale contract to the finance company, and in case of default by the purchaser, the loss falls on Osage, and not on the salesman or finance company.

The number of salesmen employed by Osage varies, but the evidence supports the conclusion that it was never less than five, and was usually considerably more than that. The record also shows that many of the salesmen hire helpers or assistants who are paid a portion of the 15% commission.

Osage also engaged in the sale of frozen foods, but this appears to have been used merely as an inducement to attract customers for the principal business of selling freezers and refrigerators. No salesmen's commissions were paid on the food sales.

Osage argued that its salesmen and their assistants were not employees within the meaning of the Act, and should not be counted in determining whether Osage was subject to the tax.

In this connection, the record shows that Osage does not exercise control over the salesmen, does not train them, does not restrict their sales territory, and does not prescribe any particular working hours or conditions. They furnish their own transportation, work where and when they please, and can quit at any time without notice or liability. Osage does furnish them with business forms, advertising materials and frozen food lists, for use in making their sales. Osage knew about their practice of employing helpers or assistants.

Upon the evidence above summarized, the Board found in effect that the salesmen are independent contractors and should not be counted in determining the number of employees of Osage. Their conclusion in that regard is supported by the holding of this court in Perma-Stone Oklahoma City Co. v. Oklahoma Employment Security Commission, Okl., 278 P.2d 543.

However, they also found that the assistance rendered to the salesmen by their helpers "was a part of the usual business" of Osage and that the helpers were therefore employees of Osage because of the following portion of 40 O.S.1961 § 229(d):

"* * * Whenever any employing unit contracts with or has under it any contractor or subcontractor for any employment, *which is part of its usual trade, occupation, profession, or business, * * ** the employing unit shall for all the purposes of this Act *be deemed to employ each individual* in the employ of each such contractor or subcontractor * * *."  (Emphasis supplied.)

Upon this finding, the Board denied the protest and Osage appealed to the district court, where the case was submitted on the record, briefs and arguments of the parties, and the order of the Board was upheld.

On appeal to this court, Osage presents the single proposition that "A 'free agent' who uses a finance plan to underwrite his own personal sales is not an employee".

Under this proposition, Osage relies principally upon Realty Mortgage and Sales Co. v. Oklahoma Employment Security Commission, 197 Okl. 308, 169 P.2d 761. In that case, this court held in effect that

under the particular facts shown to exist, certain real estate salesmen whose status was in question occupied the position of joint venturers, and not employees, in relation to the corporate real estate broker which had paid under protest some unemployment compensation contributions on their earnings. The position of the real estate salesmen in that case is not analogous to that of the salesmen's *assistants* in the case now before us, and it is therefore not in point.

 If Osage's argument under the proposition be construed as an argument that the salemen's assistants here were independent contractors, it must fail because of the provisions of 40 O.S.1961 § 229(f) (5).

This section of the statute provides that the services of *any* individual under *any* contract of hire shall be deemed to be employment subject to the Employment Security Act, "unless and until" it is shown that the individual is free from control or direction over the performance of the service, and is customarily engaged in an independently established trade or profession, or that such service is outside the usual course of business for which it is performed and that the service is performed outside the place of business of the enterprise concerned.

In this case, the services of the salesmen's assistants were undeniably performed under a contract of hire, and there is no evidence at all as to the existence of the conditions noted in the paragraph above which might have excluded such services from the purview of the Employment Security Act.

In the brief of defendant in error, the Commission questions the validity of the finding of the Board of Assessment, and the judgment of the district court, to the effect that the salesmen in this case were independent contractors and not employees. However, the Commission did not cross appeal from the judgment of the district court, and it is therefore not in position here to urge that the judgment was errone-

ous. Bates v. Starr Coal Co., 191 Okl. 451, 130 P.2d 532.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WILLIAMS and BERRY, JJ., concur.

WELCH, DAVISON, JOHNSON and IRWIN, JJ., dissent.