## MARYLAND CASUALTY CO. et al. v. WHITT.

No. 24371. Dec. 19, 1933.

Rehearing Denied Jan. 16, 1934.

Application to File Second Petition for Rehearing Denied Jan. 30, 1934.

J. S. Ross, S. J. Clay, and Jas. H. Ross, for plaintiff in error.

W. C. Austin and Robert B. Harbison, for defendant in error.

BUSBY, J. On August 27, 1930, Joe Whitt, a policeman of the city of Altus, while undertaking to apprehend certain suspected criminals, received a gunshot wound in the head, which resulted in the total loss of one of his eyes and a substantial impairment of the vision of the other. The injury was accidental in character and arose out of and in the course of the performance of Joe Whitt's duties as a policeman. It is conceded by the parties to this controversy that the city of Altus is not liable to the injured policeman on any theory. He was not engaged in one of those hazardous occupations falling within the Workmen's Compensation Act of the state. Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789; City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694. The injury sustained did not result from any negligent act or omission on the part of the city which would render the city liable in action for damages.

This action was commenced in the district court of Jackson county, Okla., by Joe Whitt, as plaintiff, against the Maryland Casualty Company, a corporation, and the city of Altus, as defendants, to recover for the accidental injury mentioned above. The plaintiff did not seek any money judgment against the city of Altus, but joined the city as a party defendant on the theory that if the court should deem it necessary to reform the policy of insurance upon which the suit was brought, the city would be a necessary party. It was the theory of the plaintiff that the Maryland Casualty Company was liable ex contractu to pay him compensation for the injury suffered by virtue of a certain policy of insurance issued by the Maryland Casualty Company. The Maryland Casualty Company denied liability and the cause was submitted to the court on the trial thereof. A judgment was rendered in favor of the plaintiff for the sum of $5,000, from which judgment defendant has appealed. The Maryland Casualty Company is plaintiff in error and Joe Whitt is defendant in error. The parties will be referred to as they appeared in the trial court.

The policy of insurance upon which the plaintiff bases his right to recover is styled a "Standard Workmen's Compensation Policy." It was delivered by the defendant insurance company to the city of Altus to cover the period of time commencing July 1, 1930, and ending July 1, 1931. It is claimed by the plaintiff that the judgment of the trial court can and should be sustained on any one of three theories: First, that according to the terms and provisions of the policy of insurance, the Maryland Casualty company agreed to pay all of the employees of the city of Altus, who were classed in the policy as employees and whose salaries were used as a basis in computing the policy premium, compensation for any accidental personal injury in accordance with the Workmen's Compensation Act of this state; that such compensation was payable to any injured employee regardless of whether he was engaged in one of the hazardous employments falling within the Compensation Act; that the plaintiff was engaged in one of the employments (and listed as such in the policy) the pay roll of which was considered in determining the total premium to be paid. Second, that if there is any ambiguity or uncertainty in the express provisions of the policy concerning the liability assumed by the company, it was the intention of the parties to the contract at the time of its execution that compensation should be paid in accordance with the terms of the Workmen's Compensation Act to any of the listed employees receiving an accidental injury. Plaintiff states that this intention and construction of the contract by the parties was manifested by the acts, conduct, and statements of both of the parties to the contract, and that the contract should be construed in accordance therewith. Third, that in the event the contract is not susceptible of the construction contended for

a proper case for reformation thereof is presented, and that the contract should be reformed so as to carry out the intention of the parties as above stated.

The defendant contends that no liability arises under the policy unless: (1) The city would be liable under the Compensation Law. (2) The city would be liable to the plaintiff for injuries sustained by reason of some negligent or tortuous act or omission on its part. Defendant asserts in this connection that since it is conceded that there is no liability on the part of the city of Altus on either of the above theories, it follows that there is no liability on the part of the company. The defendant further asserts that the liability assumed by the insurance company is definite and explicitly expressed in the terms of the policy. It contends that the terms of the policy are not ambiguous and are susceptible only of the construction limiting that liability of the company as above stated; that since the policy is definite, no occasion arises for an application of the rule of construction applicable to ambiguous or uncertain terms of a contract. The defendant further states that in order for the judgment in this action to be sustained, it will be necessary to completely change and alter the contract by a reformation thereof. It says that such a reformation is not proper in this case, and that the plaintiff is not a party to the contract, and therefore not entitled to request a reformation.

It is apparent that the ultimate decision in this controversy depends upon the construction of the terms and provisions of the contract of insurance. The pertinent provisions of the policy in question provide:

"Maryland Casualty Company * * * does hereby agree with this employer (the city of Altus) * * * as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"Compensation 1. (a) To pay promptly to any person entitled thereto under the Workmen's Compensation Law and the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due;

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by the employer under such of certain statutes, as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation Law; and,

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse, and hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. * * *

"This agreement is subject to the following conditions * * *:

"Employee's Rights. Condition D—The obligations of paragraph one (a) foregoing are **hereby declared to be the direct obligations and promises of the company to any injured employee covered hereby, or, in the event of his death, to his dependents;** and to each such employee or such dependent, the company is hereby made directly and primarily liable under said obligations and promises. **This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf at any time and in any manner permitted by law, whether** claims or proceedings are brought against the company alone or jointly with this employer. If the law of any state in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by any commission, board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof, as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of this employer to do or refrain from doing any act required by the policy; nor by any default of this employer after the accident in the payment of the premium or in the giving of any notice required by the policy or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this employer, nor by any proceeding against him as a result of which the conduct of this employer's business may be, and continue to be, in charge of an executor, administrator, receiver, trustee, assignee or other person." (Emphasis ours.)

The employments purported to be covered by the policy are listed in another portion of the policy. Among others, policemen are listed and the pay roll of the police department was used as a basis for computing a portion of the total aggregate premium paid. The question then is whether

under the provisions of this policy one of the employees listed in the policy, and whose salary was used as a basis in computing the aggregate premium to be paid for the policy, but who could not recover against the city for the reason that he is not engaged in one of those hazardous occupations covered by the Workmen's Compensation Act, is entitled to recover in accordance with the Workmen's Compensation Law in an action commenced in the district court. A similar question was presented to and considered by the Supreme Court of Kansas in the case of Robertson v. Board of Commissioners of Labette County et al., 252 P. 196. In that case a policy of insurance was purchased by the county. The provisions of that policy were identical with the provisions of the policy in the case at bar in so far as we can ascertain by an examination of the opinion. The portions of the policy in the case at bar which we have previously quoted were deemed by the Kansas court to be of controlling importance, and were set forth verbatim in the opinion in the case above mentioned.

It was conceded in that case that the county was not liable to respond to the plaintiff under the Workmen's Compensation Law, but it was held that the policy amounted to a contract on the part of the insurance company to pay to any injured employee falling within the cases enumerated in the policy in accordance with the Workmen's Compensation Law. It was further decided in that case that the policy was made for the benefit of employees. The ruling in that case, if applied to the case at bar, supports the judgment of the trial court in this case holding the defendant company liable.

In disposing of the questions involved, the Kansas court, in the case of Robertson v. Board of Commissioners, supra, said:

"The provisions of the policy above quoted and referred to constitute an agreement between the insurance company and the board of county commissioners, for the benefit of its employees designated therein, which creates a direct obligation of the insurance company to such employees for injuries compensable under the Workmen's Compensation Act, the amount of which liability is measured by the terms of that act. As between the insurance company and the employee, the provisions of the Workmen's Compensation Law are a part of the contract only 'so far as they apply to compensation or other benefits for any personal injury or death covered by this policy.' It is argued on behalf of the insurance company that if the county was not obligated to pay plaintiff compensation on account of his in-

juries, then the insurance company was not; that the obligation of the insurance company was to indemnify the county against loss by reason of its liability to its employees, and since the county had no such liability, the insurance company had none. This construction of the policy is inaccurate." (Emphasis ours.)

And later in the opinion stated:

"Hence an analysis of the policy demonstrates that it is a contract in which the insurance company has obligated itself directly to the employee to pay such employee (or his dependents) as though he were under the Workmen's Compensation Act, for injuries compensable under and measured by that act. * * *"

While the Kansas court does not seem to have regarded it as necessary to attach controlling importance to the construction placed upon the contract by the parties themselves at the time of its execution, it does appear from an analysis of the decision that that was an important element, and that the contract was construed with reference to surrounding circumstances. In the determination of the case it is said in that opinion:

"The interpretation we have given to this policy is apparently the same as that given to it by the parties at the time and soon after the injury to the plaintiff."

Without deciding that the interpretation placed upon this contract by the Kansas court was the only interpretation of which the contract was susceptible, it is quite obvious that when the Supreme Court of a sister state has so interpreted the identical provisions which appear in the contract in the case at bar, it would be presumptuous indeed for us to say that the parties to the contract could not have so interpreted the contract at the time of its execution. An examination of the record in this case discloses that the evidence amply supports the view that it was the intention of the parties at the time this contract was executed that the policemen, whose salaries were used as a basis for determining a portion of the aggregate premiums, were to be paid compensation in the event of accidental injury. The purchasing agent for the city, who acted for the city in connection with the negotiations for this and other contracts, testified that such was the agreement based upon conversations between himself and the agents of the insurance company. The record reveals that for a number of years prior to the issuance of the policy upon which this suit is brought, the Maryland Casualty Company had issued policies and in each of those policies policemen were listed as employees of the city of Altus, and in each of them pre-

miums paid by the city of Altus were based partly upon the pay roll of the police department. It likewise appears that the rate of premiums on the pay roll of the police department was approximately the same as upon the pay roll of the water department, a department of the city which clearly comes within the provisions of the Workmen's Compensation Act. It likewise appears that in computing the amount of premiums and determining the classes of employees covered by the policy the fire department of the city of Altus was included, another department of the city government which does not come within the provisions of the Workmen's Compensation Act. It appears that prior to the injury suffered by the plaintiff, one of the firemen of the city of Altus had been injured and without question the insurance company had interpreted the policy to cover that liability and paid the firemen the policy covered by the Compensation Act. It would be extremely unjust to the defendant in this case were we to assume that they for years collected premiums commensurate with the payment of compensation under the Workmen's Compensation Act, and that during all those years they intended to pay only minor injuries, expecting to dispute and defeat major injuries should the same occur. We cannot assume that either they or the officials of the city of Altus intended to dissipate the public funds in this manner. It appears to us that the interpretation placed upon the contract by the Kansas court corresponds to the interpretation of the contract as adopted by the parties in this case and manifested by their subsequent acts. An appropriate occasion arose for the application of the rule stated in 36 C. J. 1061, in the following language:

"The rules which govern the construction of insurance policies in general, apply to the construction of a policy of liability insurance. In accordance with those rules a policy of liability insurance should be so construed as to give effect to the intention of the parties, according to the natural meaning of such language, viewed in the light of the attendant circumstances, and the court may follow that construction which has been placed upon the policy by the parties themselves, as to the persons or employees included within the policy, and as to the accidents or injuries included therein."

And in the case of Prowant v. Sealey, 77 Okla. 244, 187 P. 235, in the following language:

"Where a contract, or any clause thereof, is uncertain and indefinite, and the parties thereto, by their subsequent conduct or acts, have construed it, and such construction is within the purview of the language used, the courts will ordinarily adopt as controlling the construction made by the parties themselves."

Our attention is directed to the case of Wood v. Employers Liability Assurance Corporation, 41 Fed. (2d) 573, 73 A. L. R. 79, in which the United States Circuit Court of Appeals, Seventh Circuit, had before it a contract similar to the one involved in the case at bar, and in which the construction approved was directly opposite to the construction placed thereon by the Kansas court in the case of Robertson v. Board of Commissioners, supra. After a careful analysis and comparison of these two cases, it appears to us that the interpretation of the contract adopted by the Kansas court should prevail in this case for the reason that the same is in accord with the evident intent and purpose of the parties thereto and corresponds to the construction of the contract as adopted by them prior to the injury sustained by the plaintiff herein. We therefore hold that by reason of the interpretation placed upon the contract by the parties thereto, the policy of insurance in this case should be construed as a contract on the part of the Maryland Casualty Company to pay compensation to each of the employees falling within the classes enumerated in the policy, and whose salaries were considered in determining the premiums to be paid therefor in accordance with the terms of the Workmen's Compensation Act, regardless of whether the employee was engaged in one of those hazardous occupations falling strictly within the act or not. Other cases supporting the views herein announced in whole or in part are: Iott v. Continental Casualty Co., 129 Kan. 650, 284 P. 823; Maryland Casualty Co. v. Wells (Ga. App.) 134 S. E. 788; and Scott v. Devine, 129 Kan. 808, 284 P. 594.

It is urged by the defendant in connection with this case that the action should have been commenced by the filing of a claim before the State Industrial Commission and the perfection of an appeal to this court from any adverse ruling thereon. With this contention we cannot agree. The jurisdiction of the State Industrial Commission is determined by law, and could not be enlarged by the terms of the contract. Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217.

It is suggested that there may be some question concerning the power of the city

to enter into a contract for the purpose of insuring its employees when there is no liability on the part of the city to pay in the absence of such policy. This question is disposed of by the Kansas court in the case of Robertson v. Board of Commissioners, supra, and while it is an open question in this state whether or not the city can rightfully pay premiums on such a policy, that question is a collateral issue in this case and has no bearing on the outcome hereof for the reason, as stated by the Kansas court, in Robertson v. Board of Commissioners, supra, that the insurance company specifically contracted in the policy that such legal incapacity, if it existed, shall not affect its obligations to the plaintiff. Owing to the view we take on the construction of the policy now before us, we deem it unnecessary to consider the question of reformation. The judgment of the trial court will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. ANDREWS, J., dissents.