## CONTINENTAL CASUALTY CO. v. WEAR.

No. 28204.   May 23, 1939.

Rehearing Denied June 13, 1939.

M. C. Rodolf and Parke Davis, for plaintiff in error.

Chas. W. Wortman and H. E. Chambers, for defendant in error.

DAVISON, J.   This action was instituted in the district court of Tulsa county, on the 27th day of September, 1936, by Dewey Wear, as plaintiff, against J. E. Mabee and the Continental Casualty Company, a corporation, as defendants.

A demurrer of the defendant J. E. Mabee to the plaintiff's petition was sustained and the action dismissed as to him.

On April 6, 1937, a jury was impaneled to try the cause, but after the introduction of evidence it was discharged and the cause was submitted to the court for decision, resulting in a judgment for the plaintiff. The defendant appeals, appearing herein as plaintiff in error. For the sake of convenience, we shall continue to refer to the parties by their trial court designation.

In 1935, J. E. Mabee decided to construct a home on a two-acre tract of land, owned by him in the Forest Hills addition to the city of Tulsa, Okla. Acting through his secretary, he procured from the defendant Continental Casualty Company, a corporation, a workmen's compensation and employer's liability policy of "Universal Standard" form, but with a restrictive endorsement annexed thereto, which we shall presently consider in detail. The policy was issued on the 1st day of June, 1935.

In improving the premises above referred to for residential purposes, J. E. Mabee employed the plaintiff to "trim" trees growing on and adjacent thereto. The wages paid plaintiff were included in the calculations upon which the premium paid the company for the insurance policy was based.

On November 13, 1935, the plaintiff, while sawing a limb off a tree located on the parkway adjacent to the premises of the assured, fell to the ground sustaining personal injuries for which compensation is herein sought. Medical attention was furnished him and for a short time he was voluntarily paid compensation by the defendant company; later liability was denied.

The plaintiff first sought to recover from his employer and the defendant insurance

company under the Workmen's Compensation Law before the State Industrial Commission. He was unsuccessful. Recovery was denied upon the theory that he was not engaged in one of those hazardous occupations contemplated by the Compensation Act.

The plaintiff then instituted this action on the theory that the insurance company was, by reason of the policy, obligated to compensate, in accordance with the standard of recovery established by the Compensation Law, any workman of the assured who sustained an accidental injury regardless of whether such workman could or could not recover under the Compensation Law and regardless of the nonexistence of any direct liability of the assured to the injured employee.

In this connection it is not now contended by the plaintiff that he was entitled to recover under the Compensation Act, nor does he urge that his employer was liable to him either under that act or upon consideration of any act of negligence. The sole asserted ground of recovery is that the insurance policy constituted a contract between the company and the assured for the benefit of third parties, including the plaintiff, and thus created a direct liability on the part of the company to the plaintiff.

The plaintiff relies upon the decision of this court in Maryland Casualty Co. et al. v. Whitt, 167 Okla. 261, 29 P.2d 65, wherein a policy containing provisions identical with those incorporated in the policy here (with the exception of the restrictive endorsement above mentioned) was, in view of the existing understanding between the parties as established by evidence other than the policy itself, held to be susceptible of a construction authorizing a policeman employed by the assured, city of Altus, to recover from the insurance company in an action instituted in the district court for that purpose.

In support of his position that the rule adopted in the Whitt Case, supra, should prevail in the case at bar, the plaintiff calls our attention to evidence in the record said by him to demonstrate that the parties to the insurance contract involved in this action contemplated a similar "coverage" to that contemplated and recognized in the cited case. The defendant insurance company challenges the sufficiency of this evidence to satisfy the purpose for which it was intended. It also calls our attention to the subsequent opinion of this court in Fidelity & Casualty Co. v. Gray, 181 Okla. 12, 72 P.2d 341, in which we recognized the existence of limits beyond which the doctrine of the Whitt Case could not be carried. The defendant also calls our particular attention to the restrictive endorsement attached to and constituting a part of the policy in the case at bar, the terms of which were neither duplicated verbatim nor in substance in the policy before us in Maryland Casualty Co. v. Whitt, supra. It is requested that we view this endorsement in the light of the law as expressed in Fidelity & Casualty Co. v. Gray, supra.

The endorsement reads:

"Special Compensation Endorsement.

"Attached to and made a part of Policy No. WC-1758419 Issued to J. E. Mabee.

"The Company's liability to any employee of this Employer **shall be no greater than the liability of this Employer to said** employee, and in the event any claim or proceeding is brought against the Company alone, or jointly with this Employer, the Company shall be entitled to the same defenses and shall have no greater liability than this Employer would have if such claim or proceeding had been brought against this Employer alone, anything in the Policy to the contrary notwithstanding. However, the Company, if otherwise liable as above provided, shall not be relieved of the payment of the compensation for injuries sustained if this Employer becomes insolvent or is discharged in bankruptcy during the period that the Policy is in operation and the compensation or any part of it, is due and unpaid. The Employee or his dependents shall have the first lien upon any amount becoming due on account of such Policy to this Employer from the Company.

"This endorsement takes effect upon issue, expires concurrently with the Policy to which it is attached, and is subject to all the conditions and provisions of said Policy not inconsistent herewith.

"In witness whereof, the Continental Casualty Company has caused this endorsement to be signed by its President and Secretary; but the same shall not be binding upon the Company unless countersigned by its Authorized Agent.

"H. A. Behrent, President."

The case at bar presents a situation in which recovery is sought under the policy by an employee as compensation for personal injuries for which his **employer is not liable.** The approval of recovery would be directly contrary to the specific provisions of the foregoing endorsement that constitutes a part of the contract under which the plaintiff asserts a right to prevail.

As we pointed out in Maryland Casualty Co. v. Whitt, supra, rules of construction and interpretation are available to remove uncertainty concerning the meaning of a contract when ambiguity exists in the written instrument. Section 9461, O. S. 1931, 15 Okla. St. Ann. sec. 153; Prowant et al. v. Sealy et. al., 77 Okla. 244, 187 P. 235.

However, if the language is clear and explicit, it governs in determining the intent of the parties, in the absence of fraud, accident, mistake, or absurdity. Sections 9462-9464, O. S. 1931; Spring v. Major, 126 Okla. 150, 259 P. 125; Cherokee Oil & Gas Co. v. Lucky Leaf Oil & Gas Co., 116 Okla. 121, 242 P. 214.

The provisions of a standard workmen's compensation and employer's liability policy were, in Maryland Casualty Co. et al. v. Whitt, supra, held to be sufficiently vague to be susceptible of the interpretation therein approved. That decision was adopted by this court on January 16, 1934. This policy was issued on June 1, 1935. The endorsement above quoted may have been purposely annexed to the policy as a part thereof to remove the uncertainty which rendered the policy appropriate for the use therein made of it by the parties to the insurance contract involved in the cited case. Regardless of what motivated the change in the form of the contract, the change, as effected, definitely and explicitly excluded from the operation of the policy the character of liability herein sought to be imposed upon the defendant company.

It is important to observe in considering the force of this endorsement that it is not in conflict with any specific provision of the policy proper, but merely in conflict with one of the interpretations of which the policy is susceptible under a forced construction. Our exhaustive review of the provisions of the body of the policy contained in our two previous decisions cited, supra, will not be reiterated herein. However, the lack of direct conflict between such provisions and the endorsement herein may be emphasized by the following excerpts from the opinion in Fidelity & Casualty Co. v. Gray, supra. There we said:

"The basic section on which plaintiff relies (paragraph one (a)) provides for insurance to 'Any person entitled thereto under the Workmen's Compensation Law.' Standing alone this provision strongly indicates that the company is liable to any injured employee only if the employee has sustained an injury by reason of a cause which renders resulting disability compensable under and by virtue of the Workmen's Compensation Law, a type of injury which the plaintiff in this case admittedly has not sustained. * * *

"We now have before us a disabled employee who, by reason of the nonaccidental cause of his injury, does not fall within the provisions of the Workmen's Compensation Act and who therefore does not fall within the natural meaning of the language used in section one (a), supra. An additional liability must be found to exist under the policy, if he is to prevail. We do not find in the other provisions of the policy any expressed intention on the part of the insurance company to assume responsibility for a type of injury noncompensable under the act. The language used in the policy, regarded as a whole, is strongly indicative of an intent not to assume the additional liability sought to be imposed in this case." (Emphasis ours.)

The absence of uncertainty in the meaning of the contract before us as to the character of claim herein presented renders impossible an interpretation of the contract consistent with plaintiff's recovery, and in the absence of an assertion of fraud or mutual mistake of the parties (assuming without deciding that a third party could have asserted fraud or mutual mistake), we consider it unnecessary to review the evidence upon which plaintiff relies to invoke the application of rules of construction and interpretation previously applied by us in the Whitt Case, supra, and reviewed in the Gray Case, supra.

The decision of the trial court is reversed, with directions to render judgment for the defendant.

WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., and DANNER, J., absent.