BOARD OF COM'RS OF ADAIR COUNTY et al. v. RAGG, Adm'x.

No. 31180. March 14, 1944.

Rehearing Denied April 4, 1944.

147 P. 2d 157.

Mont R. Powell, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for plaintiffs in error.

J. Berry King and George J. Fagin, both of Oklahoma City, and T. B. Westmoreland, of Sallisaw, for defendant in error.

PER CURIAM. Plaintiff commenced this action naming as defendants the board of county commissioners of Adair county and the State Insurance Fund. She sought recovery only against the State Insurance Fund for $5,000 for damages for the wrongful death of her husband, Andrew J. Ragg, while employed as a common laborer in a gravel pit owned and operated by Adair county. Andrew J. Ragg was killed on the 17th day of April, 1940, when the gravel pit collapsed and he was caught beneath the gravel in the pit.

It is conceded that if Andrew J. Ragg had been injured he would have sustained an injury arising out of and in the course of his employment with Adair county. The sole question presented is whether the action can be maintained against the State Insurance Fund. Although the board of county commissioners of Adair county is joined in the petition in error, this is in fact an appeal by the State Insurance Fund, and it will be referred to herein as defendant.

The record discloses that on the 1st day of July, 1939, the State Insurance Fund issued its contract under the provisions of the Workmen's Compensation Law covering Adair county as an employer. The contract contained, among other things, the following provisions:

"One (b) To indemnify this employer, subject to the limits of liability expressed herein, against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed. The limit of the fund's liability under this paragraph for all damages, including damages for care and loss of services, arising out of accidental personal injuries or to death of one person in each accident is five thousand dollars ($5,000.00); and, subject to the provision, the limit of the fund's liability under this paragraph for all damages, including damage for care and loss of services, arising out of personal injuries to or death of two or more persons in each accident is ten thousand dollars ($10,000.00). These obligations are limited to the liability imposed by law upon the employer for negligence, but specifically exclude any liability on account of occupational disease as well as any liability assumed by the employer under any contract entered into with any other person, association or organization . . . .

"(G) No action shall lie against the fund to recover upon any claim or for any loss under Paragraph One (b) foregoing unless brought after the amount of such claim shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the fund, nor in any event unless brought within two years thereafter."

There was also language in the contract comparable in many respects to that in Maryland Casualty Co. v. Whitt, hereinafter cited and discussed. Plaintiff filed an amended petition seeking to reform the insurance contract to include Andrew J. Ragg if the contract was vague and uncertain. No effort was made to submit any evidence that supported any reformation of the contract or that indicated a contemporaneous agreement by the parties similar to that introduced in the Whitt Case.

The defendant moved to dismiss the action against the State Insurance Fund for the reason that it was not a proper party. It objected to the introduction of any evidence because the petition did not state a cause of action. Defendant then moved to discharge the jury because the State Insurance Fund was improperly referred to in the presence of the jury. It demurred to the evidence and at the conclusion of the testimony moved for a directed verdict for the State Insurance Fund.

Judgment was rendered for the plaintiff for $5,000 against the defendant the State Insurance Fund, and defendants appeal. In this appeal there are four specifications of error presented in four propositions: (1) Error in refusing to dismiss the action against the State Insurance Fund; (2) failure to discharge the jury for the reason that the State Insurance Fund was improperly referred to before the jury. Three and four attack the sufficiency of the evidence (a) because there is no liability against the employer, therefore no liability against the State Insurance Fund; (b) because there is a total failure to prove any negligent act resulting in death. In the second proposition there is also presented the error in failure to sustain the motion to dismiss and the various attacks on behalf of Adair county.

We are of the opinion, and hold, that the court erred in refusing to sustain the attack on the sufficiency of the evidence. Both parties concede that Adair county was not liable in the case at bar, and this opinion assumes the correctness of this concession. See, in this connection, Whiteneck v. Board of County Commissioners, 89 Okla. 52, 213 P. 865; Hazlett v. Board of County Commissioners, 168 Okla. 290, 32 P. 2d 940.

According to the terms of the contract of insurance mentioned above, the liability of the defendant insurance company depended upon the liability of Adair county.

We have held in Maryland Casualty Co. v. Whitt, 167 Okla. 261, 29 P. 2d 65, in an action by an injured policeman against the insurance carrier of the city of Altus under a workmen's compensation contract that the rules of construction and interpretation are available to remove uncertainty concerning the meaning of a contract when ambiguity exists in the written instrument, and plaintiff was allowed to establish an intention to insure him when his injuries were not within the terms of the Workmen's Compensation Law, and a judgment in the district court based on the established agreement to insure the policeman was sustained. Subsequent to this opinion, in Fidelity & Casualty Co. v. Gray, 181 Okla. 12, 72 P. 2d 341, we declined to apply the rule announced in Maryland Casualty Co. v. Whitt, supra, to a nonaccidental injury sustained by an employee who lost his hearing where the contract of insurance plainly provided that the insured was liable only in the event of liability of the employer. In Continental Casualty Co. v. Wear, 185 Okla. 245, 91 P. 2d 91, it was held that an employee who was injured while trimming trees, and not within the terms of insurance covering the Workmen's Compensation Law, could not recover under the terms of the contract insuring the employee where subsequent to the issuance of the contract the insurer endorsed on the policy issued to the employer a condition limiting its liability to that of the employer under the Workmen's Compensation Law.

In view of the entire absence of evidence in the record that the parties intended the contract for any purpose

other than to protect the county, or that there was any contemporaneous agreement to pay employees in the absence of the liability of the county, the judgment cannot be sustained. On the question of whether the contract is susceptible of proof of such an agreement, we express no opinion.

The cause is reversed and remanded, with directions to grant a new trial.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.