VAN ZANT v. STATE INSURANCE FUND et al.

No. 33845. Oct. 3, 1950.

*223 P. 2d 111.*

Paul L. Myrick and Leon J. York, both of Stillwater, and Walter Mathews, of Cushing, for plaintiff in error.

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for State Insurance Fund.

Chilton Swank, of Stillwater, for Board of County Commissioners of Payne County.

JOHNSON, J. This is an appeal from a judgment sustaining a general demurrer to the second amended petition. The petition alleged in substance that the plaintiff was the widow of George Walter Van Zant who was ac-

cidentally killed May 22, 1947, arising out of and in the course of his employment while operating a defective road grader for Payne county, Oklahoma, such accidental death being the result of the negligence and failure of the county to furnish a safe appliance for deceased to work with; that at the time of the death of deceased there was in force a policy issued to said county by the State Insurance Fund insuring such loss. A copy of the policy was attached to the petition and made a part thereof, the pertinent parts of said policy reading as follows:

"One (a) To Pay Promptly to any person entitled thereto, under the provisions of the Oklahoma Workmen's Compensation Law, same being Chapter 56, Compiled Statutes of Oklahoma, 1921, and all laws supplementary thereto or amendatory thereof which may be or become effective while this Policy is in force, and in the manner therein provided, the entire amount of any sum due and all installments thereof as they become due, . . ."

"One (b) To Indemnify this Employer, subject to the limits of liability expressed herein, against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed. The limit of the Fund's liability under this paragraph for all damages, including damages for care and loss of services, arising out of accidental personal injuries to or death of each person in each accident is Five Thousand Dollars ($5,000.00). These obligations are limited to the liability imposed by law upon the Employer for negligence but specifically exclude any liability on account of occupational disease as well as any liability assumed by the Employer under any contract entered into with any other person, association or organization. . . ."

" . . .

"D. The obligations of Paragraph One (a) foregoing are hereby declared to be the direct obligations and promises of the Fund to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent, the Fund is hereby made directly and primarily liable under said obligations and promises, except that the liability of the Fund to any employee of this Employer shall be no greater than the Liability of this Employer to said employee, and in the event any claim or proceeding is brought against the Fund alone or jointly with this Employer, the Fund shall be entitled to the same defense and shall have no greater liability than this Employer would have if such claim or proceeding had been brought against Employer alone. If the Workmen's Compensation Law provides for the enforcement of the rights of such employees or such dependents by any Commission, Board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof, as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the Fund as set forth in this paragraph shall not be affected by the failure of this Employer to do or refrain from doing any act required by the policy. . . ."

" . . .

"G. No action shall lie against the Fund to recover upon any claim or for any loss under Paragraph One (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this Employer after trial of the issue or by agreement between the parties with the written consent of the Fund. . . ."

Plaintiff further alleged that on the 20th of July, 1947, she offered, through her attorneys, to submit proof to the State Insurance Fund regarding the facts and circumstances of the accidental death of her husband; that the State Insurance Fund declined to accept or entertain proof of such death, and denied liability, although it had issued its policy, and accepted the premiums and agreed to indemnify the county in the event of death of an employee; it denied any liability in the case until such time as the county should become liable for such debt as a matter of

law; that the State Insurance Fund is estopped to deny its liability in the sum of $5,000 as provided in said policy for the reason that it had orally and by two letters represented to the defendant, Payne county, Oklahoma, that its liability was absolute and certain, notwithstanding the concession that said county was not liable as a matter of law in the case of death of an employee; that it had accepted the premiums for such death case, knowing at the time that said county was not liable as a matter of law to the heirs or representatives of any deceased employee; that for these reasons the court should reform the policy to conform to the understanding and agreement of the parties to the contract; concluding with a prayer that said contract of insurance, if need be, be reformed and that plaintiff have judgment against the State Insurance Fund in the sum of $5,000 and costs.

The question is, Did this second amended petition state a cause of action?

The plaintiff argues that "if the county can in no event be held liable, then it necessarily follows that the Fund is directly liable to the dependents of workmen accidentally killed, since that risk is clearly covered by the Policy."

To support this contention plaintiff cites and relies upon Title 15 O. S. A. §29, which provides that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind." Also citing Title 15, chap. 3, O. S. A. §§156, 157, 170, and chap. 10, §421; Englebert v. Verner, 218 Ala. 362, 118 So. 745, 62 A. L. R. 131; Robertson v. Labette County, 122 Kan. 486, 252 P. 196; Iott v. Continental Casualty Co., 129 Kan. 786, 284 P. 823; Ohio Farmers Ins. Co. v. Vogel, 166 Ind. 239, 76 N. E. 977, 3 L. R. A. (N.S.) 966;

Maryland Casualty Co. v. Whitt, 167 Okla. 261, 29 P. 2d 65.

These authorities and statutes do not sustain plaintiff's contention.

The oral representations as alleged and the letters attached to and made a part of the petition do not constitute an addition to nor a waiver of the provisions of the written contract of Indemnity Insurance, and the State Insurance Fund is not estopped from asserting its nonliability.

It is the rule of this jurisdiction that rules of construction and interpretation are available to remove uncertainty concerning the meaning of a contract when ambiguity exists in the written instrument. However, if the language is clear and explicit, it governs in determining the intent of the parties in the absence of fraud, accident or absurdity. 15 O. S. A. §§153-156; Continental Casualty Co. v. Wear, 185 Okla. 245, 91 P. 2d 91. In the case at bar, we think the alleged contract is clear and explicit, free from uncertainty, and clearly within the rule that under an insurance contract issued by the State Insurance Fund to a county as an employer under the Workmen's Compensation Law and indemnifying the county against loss by reason of liability imposed against the county for injuries or death of employee, the State Insurance Fund is not liable for death of employee where there is no liability of the county. 85 O. S. A. §1 et seq.; Board of Com'rs of Adair County v. Ragg, 194 Okla. 62, 147 P. 2d 157.

Plaintiff's petition and attached exhibits examined and held not to state a cause of action.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, and O'NEAL, JJ., concur.