**Era Alta MELTON, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Appellee.**

**No. 4990.**

United States Court of Appeals, Tenth Circuit.

March 16, 1955.

B. H. Carey, Oklahoma City, Okl., for appellant.

Edgar Fenton and Elliott C. Fenton, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and SAVAGE, District Judge.

SAVAGE, District Judge.

This is an appeal by Era Alta Melton, plaintiff below, from a judgment of the United States District Court for the Western District of Oklahoma dismissing without prejudice her complaint whereby she sought to recover benefits under a Workmen's Compensation and Employers' Liability Policy issued by United States Fidelity and Guaranty Company, defendant below, to Bishop's Restaurant, Inc. While in the course of, and arising out of her employment as a hostess by Bishop's, plaintiff sustained an accidental personal injury which, she states, caused her to be totally and permanently disabled. Such employment is not defined as hazardous and accordingly is not covered by the Oklahoma Workmen's Compensation Law. 85 O.S.A. § 2; Rolen v. Callicut, 204 Okl. 250, 228 P.2d 1010.

Although under no statutory compulsion, Bishop's obtained from the defendant a Workmen's Compensation and Employers' Liability policy of insurance, whereunder it agreed:

"One (a) To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law, and in the manner therein provided, the entire amount of any sum due * * *.

"D. The obligations of Paragraph One (a) foregoing are hereby declared to be the direct obligations and promises of the Company to any injured employee covered hereby * * * and to each such employee

* * * the Company is hereby made directly and primarily liable under said obligations and promises. This Contract is made for the benefit of such employees * * *."

Attached to the policy is an Oklahoma State Compensation Endorsement which provides:

"7. The Company's liability to any employee of this Employer shall be no greater than the liability of this Employer to said employee, and in the event any claim or proceeding is brought against the Company alone, or jointly with this Employer, the Company shall be entitled to the same defenses and shall have no greater liability than this Employer would have if such claim or proceeding had been brought against this Employer alone, anything in the Policy to the contrary notwithstanding."

In 1947 the Oklahoma legislature supplemented the Oklahoma Workmen's Compensation Act by the enactment of what is commonly referred to as the "Estoppel Act". 85 O.S.A. §§ 65.2 to 65.4. Sections 65.2 and 65.3 thereof provide:

"65.2. Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the

type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."

"65.3. Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law."

The plaintiff's employment was scheduled and considered in determining the amount of premium to be paid on the policy. The policy admittedly was for the benefit of any employee whose wages were included in computing the premiums, even if such employee was not engaged in a hazardous occupation, but the restrictive provision contained in paragraph 7 of the endorsement attached to the policy provided that the liability of the insurer to the employee should be no greater than the liability of the employer to the employee.

Our decision must turn upon an interpretation of the "Estoppel Act" and, in that connection it is essential that consideration be given to the decisions of the Supreme Court of Oklahoma which constitute the background for its enactment.

In Maryland Casualty Company v. Whitt, 167 Okl. 261, 29 P.2d 65, the Supreme Court of Oklahoma held that an injured policeman employed by the City of Altus, who received an accidental injury arising out of his employment and whose salary had been included in calculating the premiums to be paid under a Workmen's Compensation policy procured by the City from Maryland Casualty Company, could recover in an action brought against the insurer in the district court, notwithstanding the fact that his employment was not covered by the compensation act. It was further held that the State Industrial Commission did not have jurisdiction and that the action was properly brought in the district court. This decision was based primarily upon a course of conduct disclosing that the parties had interpreted the contract to require the insurance carrier to pay injured employees not covered by the compensation act in conformity with the schedule of benefits to covered employees provided by the act.

The next case of interest was Fidelity & Casualty Company of New York v. Gray, 181 Okl. 12, 72 P.2d 341, in which the court made it quite clear that its construction of the insurance contract in the Whitt case resulted from application of the rule that where a contract is ambiguous the court will adopt a construction which the parties themselves have placed upon the contract. It was there held that an employee covered by the compensation act could not recover in an action brought on the policy in the state district court for disability traceable to a non-accidental cause.

In Continental Casualty Company v. Wear, 185 Okl. 245, 91 P.2d 91, the court for the first time considered the effect of an endorsement attached to a standard compensation policy which was identical with the endorsement with which we are concerned here. The court held that the injured employee whose wages had been taken into account in the collection of premiums but whose employment was not covered by the compensation act

could not recover in an action brought on the policy in the district court because, by reason of the restrictive clause in the endorsement, the employer was not legally liable for such injury.

Thus we see that under the Oklahoma law at the time of the adoption of the "Estoppel Act" an employee injured in the course of his employment in a nonhazardous occupation, whose wages had been included in the payment of premiums on a workmen's compensation policy, had no remedy. He could not prosecute an action before the State Industrial Commission because its jurisdiction was limited to accidental injuries sustained in the course of an employment covered by the compensation act. He could not recover in a third party beneficiary action brought in a common law court because of the contractual provision making the insurer's liability coincide with that of the employer. Of course, the employee had his remedy ex delicto against the employer based on negligence. But we deal here only with his rights and remedies under a workmen's compensation policy.

The plaintiff asserts that the policy sued on was executed for her benefit; that she may institute an action on the policy as a third party beneficiary in a common law court; that the district court had jurisdiction of the subject matter; and pointing only to Section 65.3 of the "Estoppel Act", she claims that the restrictive endorsement attached to the policy is thereby nullified, thus allowing recovery. In addition, she asserts that a recovery in this action against the insurance carrier on the policy would not preclude an action in tort against her employer.

The defendant admits that the policy was issued for the benefit of the plaintiff and further admits that she is entitled to recover benefits as provided in the compensation act. But it contends that, if the plaintiff elects to receive benefits under the workmen's compensation feature of the policy, the exclusive jurisdiction is vested by Sections 65.2 and 65.3 of the "Estoppel Act" in the State Industrial Commission. It further contends that the payment of such benefits would bar an action in tort by the plaintiff against her employer to recover damages for the same injury.

Section 65.3 does not purport to nullify the restrictive endorsement. This section only provides that: (1) the contract of insurance shall be conclusively presumed to be for the benefit of every person whose employment is considered in fixing the amount of premiums collected regardless of the type of business in which the employer is engaged or the type of work performed by the employee at the time of injury; and (2) the contract may be enforced by the employee before the State Industrial Commission as provided by law. The foregoing statutory mandate that the insurance contract should be conclusively presumed to be for the benefit of the employee is entirely consistent with the provisions incorporated in the standard workmen's compensation policy for years. We find no language therein suggesting the imposition of liability on the insurance carrier when the employer is not liable to the employee.

Section 65.2 of the "Estoppel Act" must be considered in connection with Section 65.3 in determining the rights of the parties. It is clear that Section 65.2 affords a remedy to the employee by providing that both the employer and the insurance carrier shall be estopped to deny that an employee scheduled for the purpose of computing premiums was employed in a hazardous employment covered by the Workmen's Compensation Act. The effect of this section is to extend the coverage of the compensation act and to allow employees not theretofore covered to elect to receive benefits as provided in such act. It should not be overlooked that Section 65.2 does not purport to impose any liability on the insurance carrier that is not imposed upon the employer.

The only remedy given to an employee, scheduled for the purpose of computing premiums, by the "Estoppel Act" which was not previously available to him is to

confer jurisdiction upon the State Industrial Commission of actions against the employer or insurance carrier, and to estop both the employer and the insurance carrier to deny that the employee was engaged in work covered by the Workmen's Compensation Act at the time of the injury. This construction is indicated by National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916, 923, wherein it was said that by such Act:

> " * * * the Legislature has established a rule of law to the effect that in the case specified an employment is not subject to the Workmen's Compensation Law, but has left to the injured employee the choice of whether to accept or reject the provisions of the Act."

 The purpose of the "Estoppel Act" was to make a remedy available to a remediless employee. It does not have the effect of depriving the insurance carrier of the defense made clear and unambiguous by the endorsement providing that its liability under the policy to an employee shall not exceed that of the employer. The employee is given a forum with jurisdiction to enforce benefits under the compensation act, even though he was not engaged in a hazardous occupation covered by the compensation act. This is not an additional forum, as contended by plaintiff, but is the forum given exclusive jurisdiction to enforce benefits under the Workmen's Compensation Act.

The District Court has jurisdiction to adjudicate rights asserted under a contract made for the benefit of a third party, if the enforcement of the benefits sought under such contract is not vested exclusively in another tribunal. By her complaint, the plaintiff, as third party beneficiary under the insurance contract, seeks to recover from her employer's insurer alone benefits granted to her by the Oklahoma Workmen's Compensation Act. For such benefits the "Estoppel Act" imposes liability upon her employer, but the enforcement of such benefits is vested exclusively within the State Industrial Commission, and cannot be enforced against the employer in the district court. Since the restrictive endorsement attached to the policy provides that the insurer shall be entitled to the same defenses and shall have no greater liability than the employer, the plaintiff cannot maintain her action against the insurer in the district court.

The motion to dismiss was, therefore, properly sustained and the order of the district court is affirmed.