Reba LUNOW, Appellant,

v.

FAIRCHANCE LUMBER COMPANY, a corporation, Rockwell-Standard Corporation, a corporation, United States Fidelity and Guaranty Company, a corporation, Allen & Hoshall, a co-partnership, Composed of Lorin B. Allen and Robert H. Hoshall, Appellees.

No. 9400.

United States Court of Appeals Tenth Circuit.

Feb. 9, 1968.

---

3.  These are questions 88, 92, 93, and 95.

Fairchance Lumber Co. and United States Fidelity and Guaranty Co.

Before MURRAH, Chief Judge, BROWN* and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

This appellant-wife asserts a right of action against each and all of the appellees for loss of consortium by reason of negligent harm to her husband while in the course of his employment in Oklahoma. The injuries and resulting disability are compensable under the Oklahoma Workmen's Compensation Act. The husband, William Henry Lunow, is being duly paid and his employer is not involved in this action. The action is against appellees as third party tort feasors.

It seems to be conceded that in harmony with general law Oklahoma gives a common law right of action for loss of consortium in favor of a husband but withholds it from the wife. See Howard v. Verdigris Valley Electric Co-Op., 201 Okl. 504, 207 P.2d 784; and see also Criqui v. Blaw-Knox Corporation, et al., 10 Cir., 318 F.2d 811; Anno. 23 A.L.R.2d 1378; Restatement of Torts § 695. This discrimination is said to work a deprivation of equal protection of the laws and a denial of due process of law and to compel a right of action in the wife equivalent to that of the husband in the same or similar circumstances. The motion to dismiss on stipulated facts is two-fold: (1) The Workmen's Compensation benefits provided and paid to the injured husband are exclusive and in place of all common law liability of all of the appellees. The husband does not, therefore, have a right of action in the same circumstances, hence *no constitutional right is involved.* (2) Oklahoma may, consistently with due process and equal protection of the laws, afford a husband a remedy for loss of consortium while denying it to the wife.

Leslie L. Conner, Oklahoma City, Okl. (James M. Little and Leslie L. Conner, Jr., Oklahoma City, Okl., with him on brief), for appellant.

Jerome E. Hemry, Oklahoma City, Okl., for appellee Rockwell-Standard. Corp.

Clayton B. Pierce, Oklahoma City, Okl. (Lynn J. Bullis with him on the brief), for appellee Allen & Hoshall.

Edgar Fenton, Oklahoma City, Okl. (Elliott C. Fenton, Oklahoma City, Okl., with him on the brief), for appellees

■■ The trial court dismissed the action on the latter ground and did not

---

* Chief Judge for the Fifth Circuit sitting by designation.

reach the former. We think the first defense is foremost and decisive, for if a statutory interpretation obviates the necessity for deciding a constitutional issue, we are bound to pursue that course. See Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 136, 67 S.Ct. 231, 91 L.Ed. 128, and cases cited. And, if, as we think, the judgment of the court can be sustained by statutory interpretation, it should be affirmed even though the trial judge chose the constitutional ground for his decision. And see Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610; Texaco, Inc., v. Holsinger, 10 Cir., 336 F.2d 230.

The pertinent facts are that appellee Rockwell-Standard Corporation, a manufacturer of airplanes in Oklahoma County, Oklahoma, contracted with appellee Fairchance Lumber Company to construct an addition to its plant building according to plans and specifications prepared by appellee Allen & Hoshall. The contract required Fairchance to secure and maintain Workmen's Compensation for its employees, and Fairchance secured such insurance covering workmen on the construction job from appellee United States Fidelity and Guaranty Company. Fairchance subcontracted a part of its contract to the Western Steel Erection Company and required Western Steel to provide Workmen's Compensation to its employees. The husband was injured in the course of his employment with Western Steel and, as we have seen, is now being paid Workmen's Compensation.

Section 11 of the Oklahoma Workmen's Compensation Law expressly provides that an independent contractor shall be liable for Workmen's Compensation due to his direct employees or the employees of any subcontractor. And, the principal employer is also liable in a manner specified for compensation due all direct employees, employees of an independent contractor, subcontractor or other employees engaged in the principal employer's business. This same section also provides that any person entitled to compensation shall have the right to recover same directly from his immediate employer, the independent contractor or intermediate contractor. And, if the principal employer fails to require compliance with the law by his independent contractor, an employee may proceed against the principal employer without regard to liability of any independent, intermediate or other contractor. Section 12 of the Act provides that the liability prescribed in section 11 shall be "exclusive and in place of all other liability of the employer * * * at common law or otherwise for * * * injury, loss of services * * * to the employee, spouse * * * or any other person * * *."

■ We are convinced that the liability imposed upon Rockwell and Fairchance by the Workmen's Compensation law is exclusive of all common law liability to either the husband or wife, hence there can be no unconstitutional discrimination between them.

As an independent contractor, Fairchance was, by force of Section 11, at all times liable for compensation due the employees of its subcontractor Western Erection, including Lunow. In the circumstances of this case it was manifestly secondarily liable, hence immune from any common law liability whatsoever.

We have read the Oklahoma decisions to liberally construe Sections 11 and 12 also to immunize a "principal employer" such as Rockwell of all tort liability for any injury occurring to an employee of its independent contractor or a subcontractor in the course of his employment, provided the work being performed is an integral part of or necessarily connected with the business of the principal employer. See Burk v. Cities Service Oil Company of Delaware, 10 Cir., 266 F.2d 433, and Oklahoma cases cited there; see also Thomas v. Farnsworth-Chambers Co., 10 Cir., 286 F.2d 270; Skelly Oil Co. v. District Court, Okl., 401 P.2d 526.

Construing federal law of similar text, we have said that the liability of the United States under § 757(b) of the

Federal Employees Compensation Act, 5 U.S.C. § 751 et seq. is exclusive of any liability of an employer under the Act to a husband for the loss of his wife's consortium. See Underwood v. United States, 10 Cir., 207 F.2d 862; see also United States v. Browning, 10 Cir., 359 F.2d 937. We thus expressly declined to follow Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R. 2d 1366, relied upon here by appellant. And, that case has since been expressly overruled. See Smithers and Company, Inc., v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220. We are thus confident that Rockwell and Fairchance are immune from the common law liability asserted here.

As the Workmen's Compensation carrier for Fairchance, appellee United States Fidelity & Guaranty Company undertook to pay any losses incurred within the coverage of the policy. As to that, its liability is exactly commensurate with that of its insured. Indeed, the Oklahoma court has emphatically said that an insurance carrier may under the Workmen's Compensation Law, make the same defenses as are available to the employer and may not be held liable where the employer is not liable. Van Zant v. State Insurance Fund, 203 Okl. 421, 223 P.2d 111; and see Board of County Commissioners of Adair County v. Ragg, Adm'x, 194 Okl. 62, 147 P.2d 157.

Appellees Allen & Hoshall are alleged to have committed numerous and specific acts of negligence contributing to the husband's injuries. But, as architects employed by Rockwell, they were the agents of their employer, i. e. see 6 C.J.S. Architects § 7. And, it seems to be alleged and conceded that the alleged negligent acts were performed in the course of their employment. Any acts of negligence were, therefore, directly attributable to Rockwell which we have held to be immune from the asserted liability.

The judgment is affirmed.