UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Petitioner,

v.

Honorable Harold C. THEUS, Judge of the District Court of Oklahoma County, Respondent.

No. 45334.

Supreme Court of Oklahoma.

Jan. 25, 1972.

Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioner.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, for respondent.

HODGES, Justice.

Petitioner seeks a writ of prohibition from this court to prohibit the district court from proceeding to trial in a matter where petitioner maintains the State Industrial Court has exclusive jurisdiction.

The case involves the question of whether an employee may sue an insurance carrier in a common law tort action for negligence in carrying out safety inspections where the employee and the employer are covered by the Workmen's Compensation Act.

The petitioner carries a workmen's compensation and employers liability policy on the employer, who is the principal employer. The plaintiff in the case is an employee of an independant contractor. The action below is brought pursuant to Title 85 O.S. § 44, as a claim against a third party, the United States Fidelity and Guaranty Company.

Plaintiff was injured when he fell through the roof of a building under construction. Both parties agree that at the time of plaintiff's injury he was engaged in the course of his employment and has received workmen's compensation for his injuries from his employer's carrier.

Plaintiff alleged in this petition the insurance carrier had issued a policy of insurance for the principal employer wherein it had the right to inspect the premises and operations; that it did undertake to make periodic inspections of the premises; that it failed to make careful inspections; that it failed to give notice of the alleged unsafe condition; that it failed to correct the same; and that as a result plaintiff was injured.

Under our law the principal employer is required to furnish compensation for an employee of an independent contractor. Skelly Oil Co. v. District Court of Pittsburg County, Okl., 401 P.2d 526 (1964). The exclusive forum for the principal employer is the same as the independent contractor. The question then resolves itself to whether the insurance carrier of the principal employer enjoys the same immunity from suit in the district court as the principal employer, even if the insurance carrier is alleged to be independently negligent, which negligence caused or contributed to the employee's injuries.

Employee's theory of his cause of action is that one who undertakes to voluntarily do an act and does it negligently is responsible for his negligence. He alleges the insurance carrier undertook to make safety inspections and did them negligently and is therefore liable in damages to an employee, unless prohibited by statutory abrogation of this common law action. The workmen's compensation act specifically prohibits suit in common law court against an employer covered by the act, with certain exceptions not involved in this case, but does not specifically exclude the insurance carrier from suit in district court for its own negligence.

The question presented is one of first impression in our jurisdiction, although there are recent decisions by other jurisdictions. Some of the statutes of our sister states are similar to ours and some are not, and the decisions are divided in either event. The cases *allowing* suit in the common law court are: Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (1964); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174, 3rd Cir. (1963); Fabricius v. Montgomery Elevator Co., 254 Iowa 1319,

121 N.W.2d 361; Smith v. American Employers' Liability Ins. Co., 102 N.H. 530, 163 A.2d 564 (1960); Banner v. Travelers Ins. Co., 31 Mich.App. 608, 188 N.W.2d 51 (1971); Ray v. TransAmerica Ins. Co., 10 Mich.App. 55, 158 N.W.2d 786 (1968); Bryant v. Old Republic Insurance Co., 6 Cir., 431 F.2d 1385; Beasley v. MacDonald Engineering et al., 287 Ala. 189, 249 So.2d 844 (1971). Those holding to the *opposite* are: Horne v. Security Mut. Cas. Co., Ark. Act, D.C., 265 F.Supp. 379 (1967); Bartolotta v. Liberty Mutual Ins. Co., 2 Cir., 411 F.2d 115; Mustapha v. Liberty Mutual Ins. Co., 1 Cir., 387 F.2d 631; Clark v. Employers Mutuals of Wausau, Penn. Act, D.C., 297 F.Supp. 286; Donohue v. Maryland Cas. Co., Maryland Act, D.C., 248 F.Supp. 588, affirmed, 4 Cir., 363 F.2d 442; Kotarski v. Aetna Cas. & Surety Co., Mich. Act, D.C., 244 F.Supp. 547; Williams v. United States Fidelity & Guaranty Co., 4 Cir., Va. Act, 358 F.2d 799 (1966); State Compensation Ins. Fund v. Superior Court of California, 237 Cal.App. 2d 416, 46 Cal.Rptr. 891 (1965).

Generally the jurisdictions allowing suit do so on the theory of one who voluntarily undertakes to do an act and does it negligently is responsible for his negligence if injury results, and their laws do not prohibit such suit. These jurisdictions do not equate the insurance carrier with the employer. The carrier is then not granted the shed of exclusiveness of jurisdiction of the industrial court and may be sued in the common law court of that jurisdiction. In the jurisdictions prohibiting suit different theories are involved. Some jurisdictions have specifically set out in the statutes immunity of a carrier from common law suit, others, by interpreting the subrogation provisions of their statutes wherein the carrier may recover from the wrongful third party, that the legislature intended a carrier could not possibly be a wrongful third party so as to sue itself, and others have by cumulative effect of statutes indicated the carrier and the employer are equally responsible to the injured workmen, there-

fore the carrier is immune from common law suit the same as the employer.

Under our Workmen's Compensation Act, Title 85 O.S.1971, Section 12, provides that liability shall be exclusive and in place of all other liability of the employer. This rule also applies to the principal employer as we previously pointed out. Skelly Oil v. District Court of Pittsburg Co., supra. Subsection (b) of Section 64, 85 O.S.1971, provides that the carrier is directly liable for payment of orders of the industrial court. Subsection (b) also provides that notice of injury to employer or insurance carrier is notice to the other as the case may be, and that jurisdiction of the employer shall be jurisdiction as to the insurance carrier. Subsection (a) Section 44 of Title 85 O.S.1971, provides for subrogation by insurance carrier of amount paid workman due to injuries received from wrongful action of third party.

By statute and in practice the insurance carrier is the named respondent and regarding liability to the injured workman is one and the same as the employer. This court has previously held that an insurance carrier under the Workmen's Compensation Law may make the same defenses against a claim for compensation filed by an injured employee as are available to the employer and may not be held liable where the employer is not liable. Don Clawson Drilling Co. v. Finch, Okl., 277 P.2d 127 (1954); Van Zant v. State Insurance Fund, 203 Okl. 421, 223 P.2d 111 (1950); Board of Com'rs of Adair County v. Ragg, 194 Okl. 62, 147 P.2d 157 (1944).

Based upon these statutes then it appears the intent of the Workmen's Compensation Law is to make the insurance carrier one and the same as the employer as to liability and immunity. We therefore find the Industrial Court has exclusive jurisdiction of the action and that the carrier is immune from suit in a common law action. The writ of prohibition is granted.

All Justices concur.