CRISWELL v. WILSON et. al.

No. 32097. Dec. 10, 1946.

175 P. 2d 87.

Cook & Bingaman, of Purcell, for plaintiff in error.

A. S. Wells, of Seminole, Person Woodall, of Norman, and Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

ARNOLD, J. Plaintiff, J. B. Criswell, commenced this action against the above-named defendants in the district court of Cleveland county to quiet his title to certain lands therein described.

The statement of facts as set forth in the brief of plaintiff is approved and adopted as a substantially correct statement by all of the defendants in their briefs, and will therefore be accepted as correct.

The amended petition contained the usual formal allegations of ownership of the property which was therein described as "Accretions to Section 12, Township 8 North, Range 3 West, more particularly described as all that strip or parcel of land between the original survey lines of Lots 6, 7, 8, 9, 10 and 11 of Section 12, Township 8 North, Range 3 West, abutting the Canadian River and the center line of the thread of the stream of said Canadian River." It alleged plaintiff's ownership by reason of resale tax deed issued by the county treasurer of Cleveland county on May 17, 1943, a copy of which deed was attached to and made a part of the petition. The resale tax deed was the usual statutory form of deed describing the land as "accretions Sections 12-8N-3W $200.00".

The defendants answered setting up their various interests in said tracts of land. There is no controversy among them, and there is no controversy between the plaintiff and defendants except as to the title to the alleged accretions to said tracts. There is no contention that there was not sufficient testimony introduced by the various defendants to establish their alleged interests in said tracts. The only question necessary for determination by us is that raised by the answers of the defendants as to the validity of the tax deed relied upon. They assert that the tax deed is void because said alleged accretions were not taxable for the reason that all of said tracts had, at all times herein involved, been assessed by lot numbers and the taxes levied thereon paid. The plaintiff does not contend that the evidence is insufficient to show this state of facts. He contends only that the accretions to these tracts of land were taxable separately, were not rendered for taxation by the abutting tract owners, and that, therefore, the assessment by the county assessor was proper and the sale based thereon regular in all respects and legal.

The cause came on for trial, resulting in a judgment in favor of defendants and canceling plaintiff's resale tax deed.

Both plaintiff and defendant quote sections of the statute relating to taxation and to accretions. The section defining accretions is 60 O.S. 1941 § 335, and reads:

"Where from natural causes land forms by imperceptible degrees upon the bank of a river or stream, navigable or not navigable, either by accumulation of material or by the recession of the stream, such land belongs to the owner of the bank, subject to any existing right of way over the bank."

68 O.S. 1941 § 15.1 defines the taxable property in Oklahoma, and reads:

"All property in this state, whether real or personal, except that which is specifically exempt by law, and except that which is relieved of ad valorem taxation by reason of the payment of an in lieu tax, shall be subject to ad valorem taxation."

Defendants make the contention that under 68 O.S.A. §29, which was in force at the time the assessment herein was made, impliedly excludes from separate assessment these accretions to the lots owned by them; said section reads:

"Real property for the purpose of taxation shall be construed to mean the land itself, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries and trees on or under the same."

Whether the language of this section "and privileges thereto belonging or in any wise appertaining" would include the accretions, as contended by defendants, has never been determined by this court. Neither has the question of the taxation of accreted lands, separately from the subdivisions to which they become attached, ever been determined by this court.

In the case of Smith v. Whitney, 105 Mont. 523, 74 P. 2d 450, that court considered a question very similar to that involved in the case at bar and in paragraph 6 of the syllabus said:

"Accreted lands are included in assessment of lands described in accordance with government survey, though assessment is limited by its terms to number of acres specified in survey, and tax deed purchaser acquires the same title, whether they are described or not, as he does to the upland adjoining described by survey."

This court has closely approached the question here involved in its discussion and decision in the case of Braddock v. Wilkins, 182 Okla. 5, 75 P. 2d 1139. The syllabus by the court in that case reads:

"When a conveyance of land by lot numbers contains a stated number of acres purporting to be conveyed, which stated acreage corresponds with the acreage within the meander line as it existed at the time of the government survey, such statement of the number of acres in no way limits the extent of the grant. The watercourse and not the meander line is the boundary, and, although the watercourse shifts and establishes a new water line away from the meander line as surveyed, such water line remains the boundary, and the conveyance describing the land by lot number conveys the land up to such shifting line exactly as it does up to the fixed side lines of the lots, and thereby conveys all accretions that exist at the time of the execution of the conveying instrument."

If a conveyance of accreted lands may not as to such lands defeat a mortgage on the fractional lots to which the accreted land has attached, as is held in that case, it would seem logical that the rule announced in the Montana case, supra, as to their inclusion for tax purposes in the lot number descriptions shown on the assessment rolls, would be a proper rule to apply here.

Where fractional lots of a section bordering a stream are assessed for taxation by the lot numbers designated in the government survey, with or without any designation of acreage, such assessment includes any accretions thereto, and where the taxes levied pursuant to such assessment are paid by the landowner, the accretions are not subject to sale for alleged delinquent taxes separately assessed by the county assessor.

The trial court held that the accreted lands here involved were not taxable

and rendered judgment in favor of defendants. The reasonable conclusion from the language of the court is that it was based upon the contention of defendants that the accreted lands were not taxable separately from the lands to which they had become attached. The statement by the court that these lands were not taxable was probably inadvertent, but considering the contentions of the respective parties, that language should be construed as being applied to these conflicting contentions. The judgment of the trial court canceled plaintiff's resale deed and directed the county treasurer to refund to plaintiff, from the resale fund, the amount paid for the resale deed. We think the judgment of the trial court was a fair conclusion upon the facts disclosed in the evidence and is based upon a proper application of the law to the facts.

Affirmed.

GIBSON, C.J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur. HURST, V.C.J., and CORN, J., dissent.