## BAYOUTH v. HOWARD.

No. 33015.  Feb. 10, 1948.

*190 P. 2d 793.*

Logan Stephenson, F. C. Swindell, and O. C. Lassiter, all of Tulsa, for plaintiff in error.

Amos T. Hall and Primus C. Wade, both of Tulsa, for defendant in error.

DAVISON, V.C.J.  This is an action to rescind a contract of sale of real estate and to recover the amount paid on the purchase price at the time of the execution of said contract. The parties will be referred to as they appeared in the trial court.

On October 3, 1945, plaintiff, Berta Howard, as prospective purchaser, and defendant, Gloria Bayouth, as prospective vendor, entered into a written contract for the sale of two city lots. The contract, which covered "Lots 6 and 7, Block 4, Hunter Addition to City of Tulsa," was a printed form into which had been typed "Lot 7 to be conveyed by quitclaim deed." Among others,

printed in the body of the contract were the following provisions:

"The seller shall, within 10 days from the date hereof, deliver to the buyer at the office of Lewis Real Estate Exchange, 312 Daniel Bldg., Tulsa, Oklahoma, a complete abstract brought down to date showing a merchantable title or a guarantee policy of title insurance. The buyer shall have 15 days after such delivery of abstract to examine same.

"Upon the approval of the title, the seller shall deliver for the buyer at the office of said Lewis Real Estate Exchange, a **warranty deed,** properly executed and conveying said property free and clear from all liens and encumbrances whatsoever, except as herein provided."

Within due time, abstracts of title were furnished plaintiff and were examined by her attorney, who rejected the title as not being merchantable, as to lot 7. Demand was made upon defendant to perfect the title which she refused to do. She tendered a quitclaim deed to lot 7 and a warranty deed to lot 6 as a compliance with the terms of the contract. Thereupon this suit was brought to recover $1,000 which plaintiff had paid defendant as a part of the purchase price of the property at the time of the execution of the contract.

The trial court found that the title to lot 7 was not merchantable and no issue is taken with the reasonableness of the requirements made by plaintiff's attorney with reference thereto. Defendant relied upon the theory that the provision, as to conveyance of lot 7 by quitclaim deed, was in conflict with the provision regarding a merchantable title; that, with this conflict existing, the first provision would govern, because it was written into the contract, while the other was a part of the printed form. The trial court found that defendant had breached the contract by refusal to make the title merchantable, and rendered judgment for plaintiff for cancellation and for the return of the advance payment of $1,000. Defendant has appealed.

The provision that the property should be conveyed by quitclaim deed was not repugnant to, nor in conflict with, the provision that a merchantable title was to be conveyed. The contract was clear and unambiguous on these points. In fact, from a business standpoint, it was more logical and advisable for plaintiff to insist upon a merchantable title to that lot conveyed by quitclaim deed than to the one conveyed by warranty deed because, should her future possession be disturbed after acceptance of the title, she would have recourse against the seller only under the terms of the covenants contained in the warranty deed.

In this case, the contract, by its terms, definitely provided that defendant was to furnish a merchantable title. By what type of instrument this title was to be conveyed to plaintiff was a different matter. A quitclaim deed is just as effectual as a warranty deed for this purpose.

The basic rule of harmonizing the different clauses of a contract to give effect to them all, if reasonably practicable, and interpreting the contract as a whole, has been incorporated in our statutes. 15 O.S. 1941 §157. That the language of the contract is to govern, and that the intention of the parties is to be ascertained from the writing alone, if possible, is provided by sections 154 and 155 of the same title.

In Hicks v. Mid-Kansas Oil & Gas Co., 182 Okla. 61, 76 P. 2d 269, it was said:

"Sections 9462, 9463, 9465, O.S. 1931, 15 Okla. St. Ann. secs. 154, 155, 157, provide in substance that a contract must be interpreted as to give effect to the mutual intention of the parties at the time of contracting, and in so doing the language of the contract governs if it is clear and does not involve an absurdity, and the intention of the parties to a written contract is to be ascertained from the writing alone, if possible, and the whole of the contract is to be considered for this purpose."

Defendant attempted to show by parol testimony that the parties intended to limit the requirement for merchantable title to lot 6, but the testimony was in no wise conclusive and, in addition, was inadmissible in view of the above authority.

By the unambiguous terms of the contract, defendant agreed to furnish a merchantable title to the entire property and her failure or refusal to do so constituted a breach entitling plaintiff to rescind and recover the payment which had been made on the purchase price. Our decision on this proposition also disposes of the necessity of passing upon the second question presented by plaintiff in error.

The judgment is affirmed.

HURST, C.J., and BAYLESS, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.