JOHNSON v. BUTLER.

No. 35135.   May 20, 1952.

Rehearing Denied July 8, 1952.

*245 P. 2d 720.*

Geo. T. Arnett, Idabel, for plaintiff in error.

Tom Finney, Idabel, for defendant in error.

BINGAMAN, J. This is an action in ejectment, with a second cause of action to quiet title, brought by S. E. Johnson, plaintiff, against the defendant, Randall Butler, to recover possession of and quiet title to lot 3, of section 7, township 8 south, range 22 east, Mc-Curtain county. Plaintiff claimed title by reason of certain warranty deeds passing title from the allottee through two intermediate grantees into plaintiff. Judgment was for defendant and plaintiff appeals.

From the record it appears that William McKinley Thompson was a half-blood Choctaw Indian, and that lot 3 was a part of his restricted homestead which was bounded on one side by a nonnavigable stream, and that the lands in controversy are certain accretions which had been lodged by the river against lot 3 and became a part thereof.

It appears that in 1943, while the homestead of Thompson was still restricted against alienation, he made and delivered to defendant a warranty deed conveying the accretions to defendant and that defendant went into possession and erected improvements on the property. Thereafter, in 1949, Thompson's restrictions were removed by the Secretary of the Interior and after the restrictions were removed he conveyed lot 3 by warranty deed to one Cunningham; that Cunningham thereafter conveyed to one Boren and that Boren thereafter conveyed the property to plaintiff. All of these conveyances involved in plaintiff's chain of title were warranty deeds in regular form, and did not contain any reservation or exception of any kind. At the trial of the case the trial court, over the objection of the plaintiff, permitted the defendant to introduce evidence to the effect that at the time Thompson sold lot 3 to Cunningham he did not intend to sell the accreted land and Cunningham did not understand that he was buying the same. Thompson testified that at the time he sold the land to Cunningham he told Cunningham that he had previously conveyed the accreted land to defendant and that said land was not included in the deed. Neither Cunningham nor his grantee, Boren, ever attempted to take possession of the accreted land, which was separated from the remainder of lot 3, by a fence erected by defendant.

The decisive question presented is whether the trial court erred in admitting evidence of intention, and the oral statements made by Thompson to Cunningham, prior to the execution of the deed to Cunningham, and whether it further erred in rendering judgment for defendant on the theory that the deeds were to be construed according to this intention.

We have heretofore held that accretions become a part of the lands to which they have been attached. Braddock v. Wilkins, 182 Okla. 5, 75 P. 2d 1139; Criswell v. Wilson, 198 Okla. 47, 175 P. 2d 87. These cases further hold that having attached to and become a part of the land to which they are attached, they pass with the conveyance of such land, unless specifically excepted or reserved. Defendant concedes the correctness of the rule announced in these cases, but contends

634

that testimony of intention was properly admitted, citing White v. Wester, 170 Okla. 250, 39 P. 2d 22, and 56 Am. Jur. 898, §451, which states that an accretion passes to the grantee of the land to which it is attached, although not specifically mentioned, unless expressly excepted or reserved or unless it has been previously conveyed to another.

We think the trial court erred in admitting the oral testimony of witnesses as to the intention of the parties at the time the Cunningham deed was executed, and in rendering judgment for defefndant. We have many times held that where a contract or deed is plain and unambiguous, and there·is no uncertainty therein, the intent of the parties is to be determined by the language of the written instrument alone. Thus, in Continental Casualty Co. v. Wear, 185 Okla. 245, 91 P. 2d 91, we said:

"Rules of construction and interpretation are available to remove uncertainty concerning the meaning of a contract when ambiguity exists in the written instrument. However, if the language is clear and explicit it governs in determining the intent of the parties in the absence of fraud, accident, mistake or absurdity."

To the same effect are VanZant v. State Ins. Fund, 203 Okla. 421, 223 P. 2d 111; Jennings v. Amerada Pet. Corp., 179 Okla. 561, 66 P. 2d 1069; Terrill v. Laney, 200 Okla. 308, 193 P. 2d 296; and Bayouth v. Howard, 199 Okla. 646, 190 P. 2d 783.

In Jennings v. Amerada Petroleum Corp., supra, we further said that a deed should be interpreted and the meaning of the parties thereto ascertained in the same manner as other written contracts.

The rule announced in the cases above applies in cases involving unambiguous contracts in the absence of any allegation of fraud, accident or mistake. The deeds in plaintiff's chain of title being in plain and unambiguous language could not be varied by evidence of oral negotiations or expressions of the intention of the parties made previous to their execution. In the instant case there was no allegation of fraud, accident or mistake.

It must be borne in mind that at the time defendant obtained title and took possession of the accreted land, said land was restricted against alienation, being a part of the homestead of the allottee; that being so restricted a deed by the allottee was absolutely void, and that defendant acquired no right or title whatever under his deed from Thompson. Simmons v. Whittington, 27 Okla. 356, 112 P. 1018; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 P. 729. The fact that defendant was in possession does not avail him since it gave him no rights whatever in the property, but he was a mere trespasser without even color of title. Wrigley v. McCoy, 73 Okla. 161, 175 P. 259; Tidal Oil Co. v. Flanagan, supra.

Reversed, with directions to render judgment for plaintiff.

ARNOLD, C. J., HALLEY, V. C. J., and GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.