R. P. FORD, Plaintiff in Error,

v.

O. L. HARRIS, Mabel Gilmore, County Treasurer of Cleveland County, Oklahoma, Ray W. Isom, County Assessor of Cleveland County, Oklahoma, and E. H. Durkee, County Engineer or County Surveyor of Cleveland County, Oklahoma, Defendants in Error.

No. 40096.

Supreme Court of Oklahoma.

June 18, 1963.

Shutler, Shutler & Baker, Kingfisher, for plaintiff in error.

Luttrell, Luttrell & Pendarvis, Norman, for defendants in error.

BERRY, Justice.

The parties here will be referred to as they appeared in the trial court. Plaintiff R. P. Ford brought this action in the District Court of Cleveland County, naming O. L. Harris, individually, and Mabel Gilmore, Ray W. Isom and E. H. Durkee, as Treasurer, Assessor and Engineer, respectively, of Cleveland County, Oklahoma, as parties defendant.

It appears from the record that the above named county officials are not parties to this appeal, leaving O. L. Harris, hereinafter referred to as defendant or by name, as the only defendant in error herein.

Plaintiff's petition alleged, inter alia, that he was the owner of the W/2 of the SW/4 of Sec. 28, T. 9N, R. 3W of I. M. in Cleveland County; that the South Canadian River bordered said land on the south when Oklahoma became a state; that through the years the river has been more or less ambulatory, weaving its channel from north to south; that now the river has moved south and "by accretion or *attition* adding to the lands of plaintiff; which said lands have become and are a part of the above described premises, enlarging and changing the boundary thereof to enter into and become part and parcel of the same"; that O. L. Harris denies and challenges his (plaintiff's) title to same; and that the county officials refuse to correct their records to reflect his title. Plaintiff's petition prayed that his title be quieted to the disputed property and that county officials correct their records to so indicate. Defendant's answer was a general denial and admitted he (defendant) was the record owner.

The trial court found against plaintiff and for defendant. Plaintiff appealed from the order overruling motion for new trial. In view of our conclusions herein, no extended summary of the pleadings and evidence is necessary. The record is clear that plaintiff Ford is the record owner of 80 acres of land described as W/2 of the SW/4 of Sec. 28, T. 9N, R. 3W of I. M., Cleveland County. Defendant Harris is the record owner of Lots 1 and 2 (being W/2 of NW/4) of Sec. 33, T. 9N, R. 3W of I. M., the same being the land herein involved. The Harris land lies immediately south of the Ford land and between the Ford land and the South Canadian River at its present location. At the time these two tracts were surveyed and patented, the Harris land was riparian and between the Ford land and the river. The government surveys were completed in 1873 and 1898, establishing accurate boundaries.

The patent on the Ford land was issued in 1895, and on the Harris land in 1900. The present boundaries of each tract had been surveyed by the county surveyor in 1943.

It is the contention of plaintiff Ford that many years ago, starting sometime around 1902 and down to approximately 1915, the river gradually moved to the north submerging the Harris land and gradually encroaching and cutting off one corner of Ford's land so that his (Ford's) land became riparian with title extending to the middle of the stream; and that as the river receded, starting in 1915, to the south re-exposing the Harris land and beyond, his (Ford's) title followed the river so as to extend his boundary southward to the river's new location and include all of the Harris land and more.

The evidence is clear that at no time did plaintiff exercise control, dominion or possession of Lots 1 and 2 adverse to defendant. Nor at any time did plaintiff pay taxes upon the disputed lots.

Plaintiff primarily urges that the evidence was sufficient to show that he had acquired title to the land in question by accretion; and the trial court's finding is against the clear weight of the evidence.

Plaintiff cites in support of his theory Johnson v. Butler, 206 Okl. 632, 245 P.2d 720; and Goins et al. v. Merryman et al., 183 Okl. 155, 80 P.2d 268. An examination of the cited cases reveals that the rules therein announced are not applicable to the issue herein considered.

The distinguishing facts before us in the instant case show that at the time of the government survey, plaintiff's land was not riparian, but that defendant's land was riparian. It is further clear that the course of the stream gradually passed over all of defendant's land, and plaintiff's land then became riparian, and that after the gradual return of the course of the stream, defendant's land boundary was capable of determination.

 Our holding in Hunzicker v. Kleeden, 161 Okl. 102, 17 P.2d 384 is dispositive of the issue before us:

"Where the land patented from the government is riparian property on the north fork of the Canadian river, a nonnavigable stream, the patentee acquires title to the middle of the stream.

\* \* \* \* \* \*

"Where a river gradually washes away a portion of defendant's land, so that lots owned by plaintiff become riparian land, and a part of said lots are washed away by the river, and then the river abandons the channel along said lots, plaintiff, as riparian owner of said lots, does not acquire title to the middle of the abandoned river bed as a riparian owner on the theory that the old boundary line was extinguished.

"Where the river abandoned the channel adjoining plaintiff's lots, plaintiff's boundary was capable of determination, and he acquires no more property than was contained in his lots originally."

Plaintiff also contends that the trial court erred in refusing evidence to show that defendant had been denied title to the same lands in a previous action.

The record in this regard shows that upon cross-examination, defendant was asked whether or not he had brought an action to quiet title to this land in a previous action and had received an adverse ruling. Defendant testified that it did not involve "this particular land right here, no sir." The trial court sustained defendant's attorney's objection to plaintiff's question "What land was involved?"

It is noted that no attempt was made by plaintiff to introduce records to rebut defendant's testimony that it did not involve "this particular land."

The record shows that plaintiff failed to plead affirmatively that he was relying upon another lawsuit to support his claim.

Plaintiff's brief in its conclusion reads: "It is axiomatic that one must stand on his own title and not the weakness of the other party." Apparently, plaintiff overlooked that he assumed the burden of proof, and that it was his responsibility to rely on his own title rather than any weakness of defendant.

We have carefully examined the record and have weighed the evidence and we hold that the trial court's holding is not against the clear weight of the evidence.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.